## MAUNEY *v.* MILLAR.

### Opinion delivered March 8, 1920.

1. LIBEL AND SLANDER — PRIVILEGED COMMUNICATIONS.—Pertinent and relevant statements in judicial proceedings are absolutely privileged, regardless of the truth of the statements or of the existence of express malice.

2. LIBEL AND SLANDER—PLEADING AS PRIVILEGED.—Where defendant, in an action to cancel a diamond mining lease for breach of contract to operate the mine, denied the breach and alleged that the delay in performance had been caused by plaintiff burning the plant erected for the purpose of washing diamond-bearing dirt, such allegation was absolutely privileged, and could not form the basis of an action for libel; being pertinent and relevant to the issues involved in the action.

Appeal from Pike Circuit Court; *Geo. R. Haynie,* Special Judge; affirmed.

*W. C. Rodgers* and *Ozero C. Brewer,* for appellant.

The court erred in sustaining the demurrer. The communication was not privileged; the charge was libelous; was published with malice and was false. Const. 1874, art. 2, § 6; Kirby's Digest, § 1850. The demurrer admits all the allegations of the complaint. 42 La. Ann. 955. The language was slanderous *per se.* 1 Bibb (Ky.)

593; 90 Ark. 117-125. It is libelous to charge one with arson. 86 Ark. 56; 90 *Id.* 121; 55 *Id.* 501; 1 Marv. (Del.) 408. The matter was not privileged. 83 Fed. 803; 3 How. (U. S.) 289; 61 Minn. 479; 100 Mo. 412; 42 N. Y. 161; 1 Denio 41; 120 Mass. 177; 6 Gray (Mass.) 94; 59 Fed. 540; 66 Conn. 175. If actuated by malice, there is no privilege. 65 Iowa 355; 40 Minn. 475; 69 *Id.* 482; 60 S. W. 567; 73 Tex. 568; 48 La. Ann. 1116; 107 Mich. 67; 118 Ga. 865; 66 Conn. 175; 42 S. E. 295; 38 Fla. 240; 105 Iowa 488; 125 Mich. 192; 69 Miss. 168; 195 Pa. St. 52; 139 *Id.* 334; 127 Mass. 316; 123 N. Y. 420; 100 Ark. 483. See also 152 Mo. 268; 122 *Id.* 355; 52 Ark. 187; 106 *Id.* 20; 55 *Id.* 598; 75 *Id.* 159; 83 *Id.* 80; 35 *Id.* 110; 97 *Id.* 98. The presumption is that a libel is not privileged. 60 Cal. 527; 123 N. Y. 420. The object of our Code is that the pleadings should state facts—not conclusions of law. 126 Ark. 210; 83 *Id.* 80; 132 *Id.* 390; 132 *Id.* 461. None of the allegations of the cross-complaint entitle defendants to no relief. 134 Ark. 15. We have shown the utter fallacy of every contention of the defendant. 122 Ark. 508; 93 *Id.* 373; 107 *Id.* 445; 113 *Id.* 138; 101 *Id.* 352; 96 *Id.* 166. When the reason for a rule fails the rule also fails. 91 Ark. 418; 109 *Id.* 467; 101 *Id.* 335; 126 *Id.* 399. A man will not be permitted to profit by his own wrong. 110 *Id.* 340, 402, 441; 119 *Id.* 617-620; 122 *Id.* 276; 123 *Id.* 466; 103 *Id.* 28-34. The great underlying principle of privileged communications is public policy. 66 Mich. 166; 89 Fed. 540.

*McRae & Tompkins,* for appellee.

Every act of the lessors tending to harass and annoy the lessees was pertinent and material and relevant. 1 Jones on Ev., § 135; 5 Paige 522; 53 L. R. A. 445-8; 81 Am. Dec. 50; 44 S. E. 357; 44 *Id.* 357; 14 Atl. 518; 3 L. R. A. 417. See also 13 L. R. A. (N. S.) 825; 104 Ky. 695; 56 Pac. 376; 112 Fed. 853; 58 Am. Rep. 574; 26 Am. St. 195; 219 Pa. 85; 48 Am. St. 841. If the matter was pertinent or material, it was privileged. The mat-

ter was for the court and was properly decided. Cases *supra*.

McCULLOCH, C. J. This is an action to recover damages for libel, alleged to have been published by appellee in an answer and cross-complaint filed by him in a certain action instituted by appellants in the chancery court of Pike County to cancel a contract for the lease of certain lands to be used in the operation of a diamond mine. The complaint in the present action sets forth all of the pleadings in the proceedings in which the alleged libelous matter was published, and the particular matter charged to be libelous was set forth as one of the' allegations of appellee's cross-complaint as follows:

"On the 13th day of January, 1918, as defendants believe by the instigation and procurement of the plaintiffs, the plant that had been erected for the washing of the diamond-bearing dirt as well as another plant belonging to defendants on what is known as the Ozark property, and an eight-room house, the two plants being one mile apart, were burned on the same night."

The court sustained a demurrer to the complaint, and, as appellants declined to plead further, a judgment was entered dismissing the action.

It is alleged in the complaint that the libelous charge was published with malice, and that it was false. All of the facts, including the whole of the pleadings in the original action, having been set forth in the complaint, a demurrer properly raises the question of the sufficiency of the allegations of the complaint to constitute a cause of action. The inquiry narrows down to the question whether or not the publication of the alleged libelous matter was absolutely privileged.

There are two classes of privileged communications recognized in the law governing the publication of alleged libelous matter: One of these classes constitutes an absolute privilege, and the other a qualified privilege, and, according to the great weight of authority, pertinent and relevant statements in pleadings in judicial pro-

ceedings are held to be within the first class mentioned, and are absolutely privileged. The 'authorities are not entirely free from conflict. There are a few cases holding that statements in pleadings, whether pertinent and relevant to the issues involved, are absolutely privileged, and there are also a few cases which hold that pertinent and relevant statements in pleadings are privileged on condition that they are made without malice, but, according to the great weight of authority, as before stated, pertinent and relevant statements in pleadings are absolutely privileged. The test as to absolute privilege is relevancy and pertinency to the issue involved, regardless of the truth of the statements or of the existence of actual malice. 17 R. C. L., p. 335; case note to *Kemper* v. *Fort,* 12 Am. & Eng. Ann. Cas. 1022; 13 L. R. A. (N. S.) 821; *Myers* v. *Hodges,* 53 Fla. 197; *Gaines* v. *Aetna Ins. Co.,* 104 Ky. 695; *Abbott* v. *National Bank of Commerce,* 20 Wash. 552, 56 Pac. 376; *Gardemal* v. *McWilliams,* 43 La. Ann. 454, 9 So. 106; *McGehee* v. *Insurance Co.,* 112 Fed. 853.

The following statement of law as to the liberality of the courts in determining what is or what is not pertinent is made in Ruling Case Law, volume 17, p. 336, as follows: ''As to the degree of relevancy or pertinency necessary to make alleged defamatory matter privileged the courts favor a liberal rule. The matter to which the privilege does not extend must be so palpably wanting in relation to the subject-matter of the controversy that no reasonable man can doubt its irrelevancy and impropriety. In order that matter alleged in a pleading may be privileged, it need not be in every case material to the issues presented by the pleadings. It must, however, be legitimately related thereto, or so pertinent to the subject of the controversy that it may become the subject of inquiry in the course of the trial.''

The complaint in the present case discloses the relevancy and pertinency of the alleged libelous statements. The purpose of the original action was to cancel a lease on account of a breach or breaches of contract alleged to

have been committed by appellee. In the answer appellee, as the defendant in 'that action, denied the breach of the contract on his part and alleged that the delay in the performance of the contract had been caused by acts of appellant, among other things, the burning of the plant erected for the purpose of washing of diamond bearing dirt. The allegations of the answer, including the allegation now under consideration, presented issues in defense to that action, and were pertinent and relevant to the issues involved.

The alleged statement was, therefore, absolutely privileged, and the court was correct in sustaining the demurrer to the complaint. Affirmed.