RHODE ISLAND INSURANCE COMPANY *v.* BOATRIGHT.

4-2806

Opinion delivered January 16, 1933.

*Cravens & Cravens,* for appellant.

*Duty & Duty* and *Bernal Seamster,* for appellee.

HUMPHREYS, J. This suit was brought in the circuit court of Benton County to recover damages for an alleged libel contained in an answer of appellant herein filed by him in a suit brought in the chancery court of said county by Rogers Sewer District No. 8 to collect assessments from M. D. Boatright upon his lands embraced within the district, in which suit appellant herein was made a party as an equitable garnishee, alleging it owed M. D. Boatright a certain amount under a fire insurance policy issued by it to him. In that suit appellant herein filed an answer in which it denied liability under the policy on the ground that M. D. Boatright had destroyed the

house protected by the policy by setting fire thereto. This charge of arson was made the basis of the instant suit.

A demurrer was filed to the complaint on the ground that the charge of arson in appellant's answer in the Rogers Sewer District No. 8 case was a judicial pleading and privileged.

The demurrer was overruled, over the objection and exception of appellant.

Appellant elected to stand upon its demurrer; whereupon the court rendered a judgment for $1,000 in favor of appellee in response to the verdict of the jury impaneled to assess the damages, from which is this appeal.

Appellant contends for a reversal of the judgment under the rule announced and the application thereof in the case of *Mauney* v. *Miller,* 142 Ark. 500, 219 S. W. 1032. The rule is as follows:

"There are two classes of privileged communications recognized in the law governing the publication of alleged libelous matter: One of these classes constitutes an absolute privilege, and the other a qualified privilege, and, according to the great weight of authority, pertinent and relevant statements in pleadings in judicial proceedings are held to be within the first class mentioned and are absolutely privileged. * * * The test as to absolute privilege is relevancy and pertinency to the issue involved, regardless of the truth of the statements or the existence of actual malice."

The application of the rule to the facts in that case is as follows:

"The complaint in the present case discloses the relevancy and pertinency of the alleged libelous statements. The purpose of the original action was to cancel a lease on account of a breach or breaches of the contract alleged to have been committed by appellee. In the answer appellee, as the defendant in that action, denied the breach of the contract on his part and alleged that the delay in the performance of the contract had been caused by acts of appellant, among other things, the burning of the plant erected for the purpose of washing of diamond-bearing

dirt. The allegations of the answer, including allegations now under consideration, presented issues in defense to that action, and were pertinent and relevant to the issues involved. The alleged statement was therefore absolutely privileged, and the court was correct in sustaining the demurrer to the complaint.''

Appellee admits the correctness of the rule, but denies its applicability herein, for the alleged reason that the libel set out in the answer of appellant to the suit brought by Rogers Sewer District No. 8 was not pertinent to the issues therein. The argument is made that under §§ 5674 and 5678 of Crawford & Moses' Digest, the proceeding to enforce the collection of assessments in improvement districts such as Rogers Sewer District No. 8 is by condemnation and sale of the delinquent property and not by personal judgment against the property owner, and that, since M. D. Boatright was not liable personally to the sewer district, there could be no liability against appellant as garnishee of the amount it owed Boatright under the fire insurance policy. It may be true that appellant could have made such defense in that action for Boatright as well as itself, but it was not compulsory for it to do so when M. D. Boatright, appellee herein, was made a defendant and properly served in that action. It was Boatright's duty to make such defense for himself, and, having failed to do so, he cannot have damages against appellant because it interposed other defenses it had against the attempted collection of the fire insurance policy, in order that the proceeds thereof might be subjected to the payment of the assessments.

Relative to the duties of a garnishee in situations like this, the rules announced in 28 C. J., p. 277, are as follows:

''Where defendant is personally in court, the garnishee is not required to question the jurisdictional legality of the proceedings or their regularity as to defendant, but where defendant is not personally before the court, the garnishee is required to examine and know that the court has jurisdiction of the subject of the action and to interpose in behalf of the defendant de-

fenses of which he is cognizant, and which he is able to make."

"But while the garnishee may plead all defenses which may be necessary for the protection of his own interest, he is not ordinarily permitted to set up matters which concern defendant only, with regard to the validity of the proceedings, or the claim asserted by plaintiff." (P. 274.)

The liability and extent thereof by appellant herein on the policy of fire insurance issued by it to M. D. Boatright, appellee herein, was drawn in question in the suit of *Rogers Sewer District No. 8* v. *M. D. Boatright,* as defendant, and appellant herein as garnishee, and on that account, appellant was privileged to plead as pertinent to the issue in that case its defense of arson against the payment of the policy.

On account of the error indicated, the judgment is reversed, and the cause is remanded with directions to the trial court to sustain the demurrer to the complaint.