4-6066                                    143 S. W. 2d 1112

Opinion delivered October 28, 1940.

*Minor Pipkin* and *Howard Hasting,* for appellant.

*Gordon B. Carlton,* for appellee.

SMITH, J. Appellant brought this suit against appellee for damages for slander, and his complaint alleged the following facts. Appellee had sued appellant upon a promissory note, and the plea of the statute of limitations had been interposed. Appellee was testifying as a witness in his own behalf, when counsel for appellant, in his cross-examination of the witness asked him: "Have you ever been convicted of a felony?" Witness answered: "Yes, Sonny Boy, and I took it on the chin like a man and paid the price; but I was an innocent man; and if you want to know something, the

guilty man is sitting right down there,'' (meaning and pointing out and indicating the appellant) as the complaint alleged.

A demurrer to this complaint was sustained upon the theory that the answer to the question, having been given in a judicial proceeding, was a privileged communication, and this appeal is from the order of the court dismissing the complaint.

In the chapter on Libel and Slander in 36 C. J., p. 1258, § 237, the law is said to be: ''The general rule of the American cases is that statements made by a witness in the regular course of a judicial proceeding are absolutely privileged where they are directly or fairly responsive to questions propounded by counsel or court, or where they are relevant and pertinent to the subject of inquiry, whether they are false or malicious. It is sufficient if the words are uttered under an honest belief that they are relevant and pertinent, whether they are so in fact or not. His immunity is more extensive where the statement is in answer to a question than where he volunteers it. If the question is propounded by court or counsel and no objection is interposed and the question is allowed, the immateriality of the answer does not affect his absolute privilege. The privilege of a witness may extend to a voluntary statement. He is entitled to absolute privilege with respect to it, if it is in fact pertinent to the issues being tried; otherwise he enjoys but a qualified privilege depending upon whether or not he acted with actual malice.''

Our own case of *Mauney* v. *Miller*, 142 Ark. 500, 219 S. W. 1032, was a suit for libel, based upon the allegations of a cross-complaint. In that case, as in this, a demurrer was sustained upon the ground that the alleged libelous allegations were of a privileged nature. Chief Justice McCulloch there said: ''The test as to absolute privilege is relevancy and pertinency to the issue involved, regardless of the truth of the statements or of the existence of actual malice.'' (Citing 17 R. C. L., p. 335, and a number of cases.)

Many cases which sustain that holding are cited in the extensive notes of the annotator to the case of *Kintz* v. *Harriger,* 99 Ohio St. 240, 124 N. E. 168, 12 A. L. R. 1240. See, also, the annotated case of *Bussewitz* v. *Wisconsin Teachers' Ass'n,* 188 Wis. 121, 205 N. W. 808, 42 A. L. R. 873.

The question asked appellee by appellant's counsel was, of course, for the purpose of discrediting appellee's testimony. It was a proper question to be asked upon cross-examination; but, if it were not, appellant could not complain that it was not, for the reason that his attorney had asked the question. The truth compelled appellee to answer that he had been convicted of a felony—that of accepting deposits in an insolvent bank—but, in making that admission, he stated, in his own justification and to support his credibility as a witness, that the party morally guilty was appellant, and not himself.

We think the answer to the question was pertinent and relevant, and it was, therefore, privileged, and the demurrer was properly sustained.