WARD *v.* CITY OF FORT SMITH.

4-6231                                            148 S. W. 2d 164

Opinion delivered March 3, 1941.

---

*R. Edwin Hough,* for appellant.
*Brady Pryor,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment of the circuit court of Sebastian county, Fort Smith district, sustaining appellant's dismissal by the Civil Service Commission of the city of Fort Smith for the violation of § 9, art. III, of the Rules and Regulations of the said Civil Service Commission, which rule is as follows:

"Behavior on the part of any member of either department unbecoming to a gentleman or of such nature as to bring disgrace or disrepute upon the department or any member thereof, shall, after a hearing thereon, be punished by suspension without pay for not more than thirty days or dismissal from the service."

April 27, 1940, appellant was discharged from the police force of the city of Fort Smith for violating said § 9, art. III, of the Rules and Regulations of the Civil Service Commission effective immediately and was notified of his discharge by letter.

He was also charged with violating § 10, art. III, of the Rules and Regulations of said commission against drunkenness and notified him in the same letter of this violation, but since it appears that the drunkenness charge related to an incident that occurred on the 24th day of October, 1939, and that the charge was withdrawn and appellant restored to a position on the police force on November 1, 1939, during good behavior, it is unnecessary to set out in this opinion rule 10, art. III, or any

part of the proceedings relating thereto. Suffice it to say that the violation of rule 10, art. III, was closed by the restoration of appellant to the police force conditioned on his good behavior in the future.

On April 29, 1940, appellant denied in writing that he had violated § 9, art. III, of the Rules and Regulations of the Civil Service Commission and prayed that he be granted a hearing and trial before said board. The Civil Service Commission granted his request and set the hearing down for Friday, May 10, 1940, in the circuit court room at 7 o'clock p. m.

Prior to the trial before the board of the Civil Service Commission appellant made a motion to make the charge more definite and certain and J. K. Jordan, mayor of the city of Fort Smith, filed a bill of particulars relating to the charge for violating rule 9, aforesaid, as follows:

"That the said W. T. Ward violated said section in the following particulars: That the said W. T. Ward filed in the Sebastian circuit court for the Fort Smith district in cause No. 8500 a petition for writ of mandamus which contained abusive, slanderous, scurrilous and defamatory language reflecting upon the head of the police department and upon the members of the said Civil Service Commission; that the contents of said petition were of such a nature as to bring into disrepute members of the police department and are not calculated to be for the best interests of said department; that the said W. T. Ward stated on oath that he had read the petition and that the facts and the matters contained therein were true and correct to the best of his knowledge and belief; that such conduct on his part was a violation of the said section as aforesaid."

On the 10th day of May, 1940, the cause was submitted to the board of civil service commissioners upon the order of discharge by the mayor discharging appellant as a member of the police department of the city of Fort Smith and upon appellant's response and demand for trial and upon evidence heard upon oath of witnesses,

from which the commission found and adjudged as follows:

"That the discharge of the said W. T. Ward by the mayor of the city of Fort Smith should be sustained upon the grounds that the said W. T. Ward had, as shown by said proofs, things and matters before the court, violated § 9, art. III, of the Rules and Regulations of the board of civil service commissioners of the city of Fort Smith, Arkansas, and that said W. T. Ward had been guilty of behavior unbecoming to a gentleman and or of such nature as to bring disgrace or disrepute upon the police department and the members thereof; that the said discharge of the said W. T. Ward by the mayor should be and is hereby sustained.

"It is therefore considered, ordered, adjudged and decreed that the said W. T. Ward be and he is hereby discharged as a member of the police department of the city of Fort Smith as of May 10, 1940."

An appeal to the circuit court from the findings and judgment of said Board was duly prosecuted to the circuit court of said county and was docketed in said circuit court as case No. 8521.

On the 9th day of July, 1940, the cause was heard by the court, sitting as a jury by agreement of the parties upon the bill of particulars charging appellant with violating rule 9, art. III, of the Board of Commissioners, and appellant's response thereto and oral evidence introduced by the parties resulting in a finding by the court that appellant had violated said section of article three and that the order of the Board of Commissioners in discharging him should be sustained and a consequent judgment that the order of said Board of Commissioners in discharging him be and is hereby sustained and that appellant be discharged as a member of the police department of the city of Fort Smith, Arkansas, as of the 27th day of April, 1940.

The above finding and judgment is the finding and judgment referred to in the beginning of this opinion from which appellant duly prosecuted an appeal to this court.

The only question presented for determination by this court is whether the matter set forth in the mandamus petition filed in the circuit court by him prior to his discharge constituted a violation of rule 9 of art. 3 of the Board of Commissioners, which rule has been set out above.

The mandamus complaint appears in full in the bill of exceptions and is quite lengthy. The purpose of the mandamus proceeding was to compel the board to reinstate appellant on the police force of the city of Fort Smith on the ground that he had been wrongfully discharged and in accomplishing that purpose had been discriminated against. We find nothing in the record showing that he was discriminated against. His contention is that he had been promoted from the position of a patrolman to a motor patrolman at an increased salary of $10 per month and that the board held an examination for eligibles to the position he was occupying and as the result of the examination demoted him to his original position of patrolman and promoted another to the position he was occupying. The record reflects that he was not occupying the position of motor patrolman as a result of any former examination. No other examinations had ever been held by the board for eligibles to be appointed to any particular grade of service, but that his promotion had been made in accordance with the custom of the board to advance patrolmen on the basis of the length of time they had been on the police force and the character of service they had rendered. There is no question that the board had authority under act No. 28 of the Acts of 1933, known as the Civil Service Act, to hold examinations twice a year to provide eligibles for appointment to fill any vacancy that might exist. According to the evidence, such an examination was held to provide eligibles for appointment to that of motor patrolman, and that appellant took that examination but failed. Appellant was occupying that position temporarily and had done so for several years and we do not think the fact that he had held the position for several years prevented the board from exercising its authority to hold examinations for eligibles to the position temporarily filled by

him. According to the record, an appointment was made from an eligible list resulting from an examination. This action by the board was not in any sense a discrimination against appellant. As stated above, he participated in the examination and failed to successfully stand same.

The issue involved in appellant's petition for a writ of mandamus was whether he had been wrongfully dismissed or discriminated against. In fact, the prayer thereof was that the mayor and Civil Service Commission be directed to restore appellant to his rightful rank and salary. But instead of contenting himself with stating facts tending to show that he was discriminated against and wrongfully dismissed his petition for mandamus contained scurrilous and defamatory allegations against the mayor of the city and board of civil service commissioners attributing the action of the mayor and board in discharging him to corrupt and impure motives and to dishonesty on their part and to domination by some political boss in the city. These defamatory allegations were wholly unnecessary and entirely irrelevant to the issue of whether or not the mayor and the board had wrongfully and unlawfully discharged appellant from membership on the police force. Appellant does not deny that the allegations contained in the petition for a writ of mandamus are scurrilous or of a libelous character, but simply claims that they were a necessary part of the petition for the writ and were privileged. We do not think they were relevant and pertinent to the real issue involved and for that reason were not privileged communications. This court said in the case of *Mauney* v. *Millar*, 142 Ark. 500, 219 S. W. 1032, after reviewing many authorities, that "the test as to absolute privilege is relevancy and pertinency to the issue involved, regardless of the truth of the statements or of the existence of actual malice." Applying this rule to the petition for a writ of mandamus filed by appellant against appellees, we think the scurrilous and defamatory allegations therein were not relevant or pertinent to the issue involved, which issue was whether appellees had unlawfully and wrongfully dismissed appellant from the police force of Fort Smith. They were not privileged communi-

cations and there can be no question that they were incorporated in the petition for a writ of mandamus, out of a spirit of insubordination on the part of appellant, for the purpose of bringing disgrace and disrepute upon the Civil Service Commission and the members thereof in violation of § 9 of art. III, of the Rules and Regulations promulgated by said Civil Service Commission.

The judgment of the circuit court is, therefore, affirmed.