CARR *v.* CARR.

5-3115                                              374 S. W. 2d 359

Opinion delivered January 20, 1964.

*Rhine & Rhine, Lee Ward,* for appellant.

*W. B. Howard,* for appellee.

PAUL WARD, Associate Justice. The bonds of matrimony between the parties hereto were dissolved first by a decree in the State of Georgia and again by a decree in this State. It is from the latter decree that comes this appeal. The material facts involved are hereafter summarized.

Appellant (George Thomas Carr) and appellee (Orine Carr) were both domiciled in Greene County, Arkansas when they were married on August 2, 1952. To this union a daughter (Norma Jean) and a son (Bruce Edward) were born. About the time the parties were married appellant joined the armed forces where he has remained until this date. At present he is a sergeant in the U. S. Air Forces, stationed at Turner Air Force Base located in Albany, Georgia, where he has been since early in 1959. During the intervening years of his service appellant was stationed at other places as his duties required. During all this time he and Orine lived together as husband and wife. There is, however, no contention by appellant that they established a domicile at any place before he was assigned to the Albany base in 1959.

About the middle of 1959 appellee and the children joined appellant at Albany and stayed until appellant brought them back to her parents in Arkansas in December, 1960. Apparently the reason for appellant's action was that Orine did not want to stay "alone" in the apartment while her husband was away several weeks on a military assignment. At least, appellant did not at that time tell Orine their marital relations had ended.

On December 28, 1961 appellant filed suit for divorce in Georgia and proceeded to secure constructive service on his wife. On January 13, 1962, while appellant was visiting in Arkansas, he told his wife about the suit in Georgia and on the same day she received a newspaper containing a publication of official notice of the suit in Georgia. Also on the same day (January 13, 1962) Orine filed suit for divorce in the Greene County (Arkansas) Chancery Court, and procured personal service on appellant. In addition to a divorce Orine asked for alimony, custody of the children, and child support. On January 31, 1962 appellant entered a general denial. Later, by proper pleadings, appellant introduced a duly authenticated copy of the divorce decree, dated March 19, 1962, which had been granted by the court in Georgia, contending that the Arkansas Court must give full faith and credit to such decree. Based on the above contention appellant moved the trial court to dismiss appellee's complaint. Responding, appellee alleged her husband was not a domiciliary of Georgia at any time prior to the rendition of the decree in that State and that, consequently, said decree was not entitled to full faith and credit by the courts of Arkansas. The trial court refused to dismiss appellee's complaint, and the cause proceeded to a trial.

Upon the testimony presented the trial court found, among other things, that appellant was not a domiciliary of Georgia as appellant claims, that the said decree was not entitled to full faith and credit in Arkansas, and that the Greene County Chancery Court had jurisdiction of the cause of action. The court then granted a divorce to appellee, gave her an alimony allotment and

custody of the children, and ordered appellant to pay a specified amount each month for the support of the children.

Appellant concedes the power and jurisdiction of the trial court to grant alimony, child custody, and child support, and its decree in those respects is not here questioned and is not an issue on this appeal.

*The Only Issue Is Moot.* The only issue on direct appeal is stated by appellant in these words:

"The only issue raised by appellant in this appeal is that the trial court erred in holding that the divorce decree obtained by him in the State of Georgia was not entitled to full faith and credit in the courts of Arkansas for the reason that he was not a bona fide resident of the State of Georgia."

In view of the fact that all matters relating to alimony, custody and support have been settled to the satisfaction of both parties, we cannot escape the conclusion that the question appellant here raises is moot, and its solution can be of only academic concern to him. So far as we are informed appellant's only interest is to be sure he has an absolute divorce good in all states. If we affirm the trial court appellant has such a divorce by virtue of the Arkansas decree. If we reverse the trial court then appellant is fully protected by the Georgia decree. The situation here is very similar to that described in *Alton* v. *Alton*, 347 U. S. 610, 74 Sup. Ct. 736; 98 L. Ed. 987, where a similar issue was held to be moot.

Shortly before the date of the decree appellant filed a motion to dismiss appellee's cause of action based on certain letters written by appellee's attorney to Air Force officers in Albany, Georgia. Thereupon appellee filed a motion to strike appellant's motion. The trial court refused both motions. On cross-appeal appellee contends the trial court committed reversible error in overruling her motion. On oral argument appellee's attorney, with commendable candor, absolved his client from any complicity in connection with the letters he

wrote. In view of the disposition we made of the direct appeal, we find that this issue is also moot, and the cross-appeal is likewise dismissed.

We hereby reinvest authority in the trial court, if it sees fit to do so, to remove from the files of this case the said motion of appellant to dismiss, and also to allow appellee's attorney an additional fee not to exceed $100.

Appeal and cross-appeal dismissed.