HOWARD *v.* WARD
HOWARD *v.* RHINE

5-3314 & 3315                                    383 S. W. 2d 107

Opinion Delivered October 19, 1964.

[Rehearing denied November 16, 1964.]

*W. B. Howard & Jack Segars,* for appellant.

*Howard A. Mayes, Rhine & Rhine, Ward & Mooney,* for appellee.

PAUL WARD, Associate Justice. ·On March 18, 1963 appellant (a practicing attorney) filed a complaint in circuit court against Lee Ward (a practicing attorney) alleging, in substance, that Ward accused him of blackmail and criminal libel by filing a "Motion to Dismiss" in another lawsuit; that the said Motion was not relevant or pertinent to the issues in said lawsuit;· that the said Motion was made, filed and published "for the sole purposes of expressing his ill will and animosity toward" appellant and of impeaching his character, honesty and integrity; and, that "by reason thereof he [plaintiff-appellant] should recover" from the defendant $10,000 for compensatory damages and $15,000 for punitive damages.

On the same day appellant also filed a similar complaint against L. V. Rhine (a practicing attorney) who as co-counsel with Ward joined in filing the said Motion. Since the issues and facts are the same in both cases we will hereafter discuss only Case No. 3314 (*Howard* v. *Ward*).

In order to understand clearly the issue raised on this appeal it is necessary to give in chronological order a summary of the background facts and circumstances.

On January 13, 1962 Mrs. Orine Carr (represented by appellant, her attorney) sued her husband, George Carr, (a Sergeant in the Air Corps) for divorce, alimony and child support. See *Carr* v. *Carr,* 237 Ark. 533, 374 S. W. 2d 359. On January 31, an answer was filed. On April 14 George filed a Motion to dismiss Orine's Complaint—the Motion being based on attached copy of a divorce decree granted to him on March 19, 1962 by a court in Georgia. While the attorneys on both sides were waiting for an opportunity to argue the merits of the divorce case, the appellees here (attorneys Ward and Rhine), on March 8, 1963, filed the said "Motion to Dismiss" the complaint filed by Orine.

The above Motion triggered the present litigation. Attached to the Motion were two letters (dated April 4 and May 2, 1962) written by appellant to George's Commanding Officer. The letters accused George of being a sex pervert and threatened to prosecute him for abandoning his children. In the Motion appellees stated that the charge of sex perversion was false and amounted to "criminal libel" and "That the threat of criminal prosecution was made with an intent to blackmail this defendant, causing him to accede to the demands of Attorney W. B. Howard and force this defendant to pay large amounts of money in the prosecution and settlement of this divorce case."

As stated at the beginning, it was upon the above statements that appellant based his complaint against appellees. Answering the complaint, Ward filed a motion for summary judgment, stating that the Motion to Dismiss was "absolutely privileged". The trial court granted the motion for summary judgment and dismissed appellant's complaint, using the following language:

"Based upon the pleadings, exhibits and affidavits appearing of record, there is no justifiable issue remaining between the litigants.

"The alleged defamatory matter upon which plaintiff bases his claim to damages was filed as a pleading with a court of competent jurisdiction in the prosecution

of an existing cause of action. Said alleged defamatory matter was relevant and pertinent to questions raised in said cause of action of the parties, and was, as a matter of law, absolutely privileged.''

From the above action of the court appellant now prosecutes this appeal.

Appellant and appellee agree (and we concur) that the decisive rule of law applicable here is correctly stated in *Mauney* v. *Millar,* 142 Ark. 500, 219 S. W. 1032, in the following words:

"There are two classes of privileged communications recognized in the law governing the publication of alleged libelous matter: One of these classes constitutes an absolute privilege, and the other a qualified privilege, and, according to the great weight of authority, pertinent and relevant statements in pleadings in judicial proceedings are held to be within the first class mentioned, and are absolutely privileged. * * * The test as to absolute privilege is relevancy and pertinency to the issue involved, regardless of the truth of the statements or of the existence of actual malice.'' [Cases and authorities cited.]

Following the above quotation in his brief appellant makes this statement:

"Therefore, the prime issue to be determined upon this appeal is, were the charges of blackmail and criminal libel relevant to any issue in the divorce case of *Carr* v. *Carr?''*

The pivotal question for decision therefore is: were the questionable words used in the Motion filed in the *Carr* case relevant to any of the issues therein raised? Fortunately the courts have laid down some rather definite rules to aid us in seeking to resolve this question. In the *Millar* case, *supra,* appears the following:

"The following statement of law as to the liberality of the courts in determining what is or what is not pertinent is made in Ruling Case Law, volume 17, p. 336, as

follows: 'As to the degree of relevancy or pertinency necessary to make alleged defamatory matter privileged the courts favor a liberal rule. The matter to which the privilege does not extend must be so palpably wanting in relation to the subject-matter of the controversy that no reasonable man can doubt its irrelevancy and impropriety. In order that matter alleged in a pleading may be privileged, it need not be in every case material to the issues presented by the pleadings. It must, however, be legitimately related thereto, or so pertinent to the subject of the controversy that it may become the subject of inquiry in the course of the trial.' "

In *Bussewitz* v. *Wisconsin Teachers' Ass'n*, 188 Wis. 121, 205 N. W. 808, 42 A.L.R. 873, the issue was very similar to the issue here. Appellant sued appellee to recover money allegedly spent in its behalf. Appellee answered, accusing appellant of "unlawfully and feloniously" converting association money to his own use. Thereupon appellant brought suit against appellee for $25,000 damages based on the above mentioned answer, claiming the use of the word "feloniously" was not relevant, pertinent or material to the issue involved. The Supreme Court of Wisconsin held otherwise, stating:

"The question of relevancy in these inquiries is for the determination of the court, and not for the jury. In considering whether allegations in a pleading are pertinent or relevant, it does not follow that the same tests are to be applied as on motions to strike out averments as irrelevant. * * *

"In Nebraska it is held that on such an inquiry all doubts should be resolved in favor of relevancy and pertinency. *Simon* v. *London Guarantee & Accident Co.*, 104 Neb. 524, 177 N. W. 824, 16 A.L.R. 743. In a New York case it was held that if the allegation could possible be pertinent or material the privilege is absolute. *Chapman* v. *Dick*, 197 App. Div. 551, 188 N.Y.S. 861."

The *Bussewitz* case is reported in 42 A.L.R. 873, with an Annotation citing many cases in support.

Applying the above liberal rule, we are led to conclude that the Motion filed by appellee was relevant to the pending divorce proceeding, as was found by the chancellor in that case and by the trial judge in this case.

If appellant had any purpose in writing the letters to George's Commanding Officer it obviously was to help his client in the prosecution of her quest for a divorce and especially for alimony and child support. It was not, we think, unreasonable for appellee to assume this was a matter which should be brought to the attention of the trial court. It is not significant, we think, that the Motion was not filed until several months after the letters were written because it is not shown just when they came into appellees' possession. Neither do we think it is material that the testimony had been taken in the divorce case when the Motion was filed. The case had not been decided or even submitted for decision, and appellees had a right, if not a duty, to try to present all matters affecting the rights of their client.

It is therefore our opinion that the trial court was correct in granting appellees' motion for a summary judgment, and his action in both cases is hereby affirmed.

Affirmed.