**Maurice WESTRIDGE and Wanda Smith Westridge, Plaintiffs,**

v.

**Percy WRIGHT and Geneva Miller, Defendants.**

**No. J–76–C–111.**

United States District Court,
E. D. Arkansas,
Jonesboro Division.

Feb. 16, 1979.

38(3)

Maurice Westridge and Wanda Smith Westridge, pro se.

Percy A. Wright, Blytheville, Ark., for defendants.

## MEMORANDUM OPINION

ROY, District Judge.

This diversity action was commenced by the plaintiffs in the United States District Court for the Eastern District of Louisiana on June 14, 1976. The case was thereafter transferred and reassigned to this court on September 1, 1978 following a successful application for a change of venue by the defendants. There are two motions presently pending before the court, the plaintiffs' motion for summary judgment and the defendants' motion to dismiss. In view of the court's disposition herein of the defendants' motion to dismiss, it is unnecessary to consider plaintiffs' request for summary judgment.

Following a review of the file in this case, the court mailed a letter to all parties to this suit informing them that the court was giving serious consideration to the defendant's motion to dismiss. The letter, which was dated October 5, 1978, instructed the parties to submit their citations of authority in support of their respective positions with regard to the defendants' motion to dismiss by October 19, 1978. On October 19, 1978 defendant Wright appeared at a docket call conducted by the court and submitted a supplemental brief in support of his motion to dismiss. The plaintiffs did not appear either in person or by legal counsel at the docket call nor have plaintiffs submitted any additional authority with respect to the issues raised by the defendants' motion to dismiss. It therefore appears that the defendants' motion to dismiss is ripe for judicial resolution.

In order to fully understand the present posture of the case it is necessary to briefly review the facts out of which the instant suit arose. On January 18, 1975, James Dallas Smith, a resident of Blytheville, Arkansas, passed away. Mr. Smith was survived by his widow, Charlotta "Lottie" Smith, and at least one daughter, plaintiff Wanda Smith Westridge. The other plaintiff in this cause, Maurice Westridge, was the deceased's son-in-law. Following Mr. Smith's death, Mrs. Smith, who was apparently getting along in years, moved to a nursing home facility in Jonesboro, Arkansas. On April 9, 1975 defendant Percy Wright, a practicing attorney in Jonesboro, Arkansas, filed suit in the Chancery Court for Mississippi County, Arkansas. The suit named Charlotta (Lottie) Smith as plaintiff and Wanda S. Westridge and Maurice Westridge as defendants. The suit alleged that Wanda and Maurice Westridge obtained a warranty deed to the home that James and Charlotta Smith had jointly owned after Mr. Smith's death. The suit further alleged that the Westridges obtained the deed through fraud, duress and undue influence and at a time when Mrs. Smith was mentally incapable of executing a valid deed. As relief, the suit requested the rescission and cancellation of the deed executed by Mrs. Smith. The second count of the complaint in the state court action alleged that the Westridges had fraudulently obtained and converted to their own use monies and property which belonged to Mrs. Smith. In

this regard the complaint requested that the Westridges account for all property and money obtained from Mrs. Smith and that the court entered judgment for Mrs. Smith as to all property and money found to have been fraudulently obtained and appropriated to the use of the defendants. The state civil action instituted by defendant Wright was apparently never prosecuted because of a failure to perfect service on the Westridges.

The allegations set forth in the complaint in the state court action form the basis of the plaintiffs' libel claim in the present case. The defendants, Percy Wright and Geneva Miller, have moved to dismiss the plaintiffs' complaint, pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) is the equivalent in federal pleading and practice to the demurrer. Demurrers, which were formerly employed in state pleadings rather extensively, are no longer utilized in federal practice. See Rule 7(c) of the Federal Rules of Civil Procedure. A rule 12(b)(6) motion, like a demurrer, is a formal expression of the position that if all the facts alleged by the plaintiffs are true, they have still failed to state a cause of action or a claim upon which relief can be granted. In other words, the defendants have asserted that they are entitled as a matter of law to have this case dismissed because the plaintiffs have failed to state a cause of action even if all the allegations in their complaint are true. The defendants' motion to dismiss is based on their contention that statements in judicial pleadings are privileged and cannot provide the basis for a libel suit. It is this contention which the court addresses.

Since the jurisdiction of this court is premised upon diversity of citizenship, the court must look to Arkansas law in deciding the issue of privilege which has been raised by the defendants' motion to dismiss. *Guaranty Trust Co. of New York v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Erie Railroad Company v.*

*Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In *Mauney v. Millar,* 142 Ark. 500, 219 S.W. 1032 (1920), the defendant-appellee was sued for damages for alleged libelous statements set forth in the defendant's answer to a complaint alleging a breach of a lease agreement. The contract in question dealt with a lease of certain mining properties owned by the plaintiff-appellant. The defendant-appellee's answer to the complaint denied any breach of the lease agreement and stated that the performance of the lease had been delayed by the plaintiff-appellant's actions in burning the plant that had been erected for the purpose of washing diamond-bearing dirt. The defendant-appellee demurred to the libel complaint, the demurrer was sustained by the trial court and the libel action was dismissed. On appeal to the Arkansas Supreme Court the plaintiff-appellant argued that the trial court erred in sustaining the demurrer since the statements set forth in the defendant-appellee's answer constituted libel *per se,* were not privileged and were not relevant to the issues in the breach of contract action. The defendant-appellee, on the other hand, argued that the statements in the answer were absolutely privileged and were pertinent to the defense of the action. In upholding the defendant-appellee's claim of privilege, the Court summarized the law with respect to the privilege to be accorded statements in judicial pleadings as follows:

"There are two classes of privileged communications recognized in the law governing the publication of alleged libelous matter: One of these classes constitutes an absolute privilege, and the other a qualified privilege, and, according to the great weight of authority, pertinent and relevant statements in pleadings in judicial proceedings are held to be within the first class mentioned, and are absolutely privileged. The authorities are not entirely free from conflict. There are a few cases holding that statements in pleadings, whether pertinent and relevant to the issues involved, are absolutely privileged, and there are also a few cases

that pertinent and relevant statements in pleadings are privileged on condition that they are made without malice, but, according to the weight of authority, as before stated, pertinent and relevant statements in pleadings are absolutely privileged. *The test as to absolute privilege is relevancy and pertinency to the issue involved, regardless of the truth of the statements or of the existence of actual malice.*" (Emphasis added); [Citations omitted]. 142 Ark. at 502–503, 219 S.W. at 1033.

Accord: *Rhode Island Insurance Company v. Boatright,* 186 Ark. 796, 56 S.W.2d 173 (1933); *Ward v. City of Fort Smith,* 201 Ark. 1117, 148 S.W.2d 164 (1941); *Howard v. Ward,* 238 Ark. 515, 383 S.W.2d 107 (1964); see, e. g., *M. C. Mock v. Chicago, Rock Island and Pacific Railroad Company,* 454 F.2d 131, 133 (8th Cir. 1972) (the federal standard with respect to the privilege accorded statements in judicial pleadings comports with Arkansas law). Thus, under the established law of Arkansas, statements in pleadings in judicial proceedings are absolutely privileged as long as the statements are relevant and pertinent to the issues raised in the case. Statements in pleadings, if relevant and pertinent to the issues, are absolutely privileged even if the statements are false and made maliciously. The issue which the court must resolve in the present case is therefore a narrow one, whether the allegations set forth in the complaint in the state court action were relevant and pertinent to the issues involved in the state court action. It is clear that this issue is one to be resolved by the court rather than a jury. *Howard v. Ward,* 238 Ark. 515, 518, 383 S.W.2d 107 (1964). We proceed to a disposition of that issue.

 This case is in an unusual posture from the standpoint of the pleadings relied upon by plaintiffs to establish their libel claim. Most of the Arkansas cases heretofore cited involved alleged libelous allegations in responsive pleadings, pleadings which were believed to have interjected extraneous or collateral issues. See, e. g., *Mauney v. Millar, supra,* (alleged libel in statements in defendant's answer); *Rhode*

*Island Insurance Co. v. Boatright, supra,* (statements in defendant's answer); *Howard v. Ward, supra,* (statements in defendant's motion to dismiss divorce action). Only one of the previously cited cases involved alleged libelous statements in a request or application for affirmative relief. Ironically enough, the Arkansas Supreme Court concluded in that case that the petitioner's allegations in his petition for a writ of mandamus were not relevant or pertinent to an adjudication proceeding before a Civil Service Commission. See, e. g., *Ward v. City of Fort Smith, supra.* This court has been unable to find any Arkansas case where a claim for an alleged libel was based on statements set forth in a plaintiff's complaint. The complaint in a civil case ordinarily defines the issues involved in a lawsuit unless other issues are raised through some responsive pleading, counterclaim or cross complaint. Thus, it would be a rare case indeed for the allegations of a complaint to not be relevant or pertinent to the issues involved in the lawsuit. As the Arkansas Supreme Court observed in *Mauney, supra,* 142 Ark. at 503, 219 S.W. at 1033:

"As to the degree of relevancy or pertinency necessary to make alleged defamatory matter privileged the courts favor a liberal rule. The matter to which the privilege does not extend must be so palpably wanting in relation to the subject matter of the controversy that no reasonable man can doubt its irrelevancy and impropriety. In order that matter alleged in a pleading may be privileged, it need not be in every case material to the issues presented by the pleadings. It must, however, be legitimately related thereto, or so pertinent to the subject of the controversy that it may become the subject of inquiry in the course of the trial."

The allegations in the state court complaint not only met test of relevancy as defined in *Mauney, supra,* but were absolutely essential to the maintenance of the suit. In fact, as has previously stated, there were no issues in the state court action save those raised in the complaint filed by defendant

Wright on behalf of Mrs. Smith. Under the circumstances presented by this case the court finds that the statements and allegations set forth in the complaint in the state court action were absolutely privileged.

For each of the above and foregoing reasons, the court finds that the defendants' motion to dismiss should be and the same is hereby, in all respects, granted.