Bill POGUE *v.* Calvin COOPER, Ray WILLIAMS,
Wilma WILLIAMS and Winford L. DUNN, Jr.

84-176                                    680 S.W.2d 698

Supreme Court of Arkansas
Opinion delivered December 10, 1984

*John B. Hainen,* for appellant.

*Smith, Stroud, McClerkin, Dunn & Nutter,* by: *Winford L. Dunn, Jr.,* and *Atchley, Russell, Waldrop & Hlavinka,* by: *Victor Hlavinka,* for appellee.

P. A. HOLLINGSWORTH, Justice. The sole issue presented by this appeal is whether statements made in pleadings are actionable as libel or if they are covered by an absolute privilege. The trial court held that the pleadings are covered by an absolute privilege and granted the appellees' motion for summary judgment. It is from that holding that this appeal is brought. This appeal is before us under Sup. Ct. R. 29 (1)(o) as it presents a question in the law of torts.

This action began when the appellees, Calvin Cooper, Ray Williams, and Wilma Williams, filed a complaint against the appellant, the County Judge of Sevier County, on August 12, 1982, in which they alleged that the County Judge, who was in charge of the county equipment, let it be known and voiced around the county, that that equipment could be loaned, let, hired, and otherwise used in making improvements for private citizens, including himself, and did, in fact, do those things. The appellees sought an accounting, attorney's fees, and a permanent injunction against the appellant. The complaint was signed by the appellees' attorney, Winford L. Dunn, Jr., who is also an appellee in this action.

On November 1, 1983, the trial court enjoined Judge Pogue from hiring, letting, leasing, or otherwise permitting Sevier County property or personnel from being hired, rented, leased, or otherwise utilized for private property on or off county projects. The court denied the appellees'

request for accounting and attorney's fees and found there was no personal or individual use or benefit of any of the services or equipment to the County Judge.

On December 28, 1983, the appellant filed a complaint against the appellees alleging that he was libeled by the pleadings filed in the earlier case, and that appellee, Winford L. Dunn, as attorney for the appellees is responsible under Ark. R. Civ. P. Rule 11. The appellees filed a motion for Judgment on the Pleadings or in the alternative, for Summary Judgment. The trial court found there were no questions of fact but only a question of law concerning the defense of absolute privilege. The trial judge followed the test announced by this Court in *Mauney* v. *Millar*, 142 Ark. 500, 219 S.W. 1032 (1920), where we stated:

> There are two classes of privileged communications recognized in the law governing the publication of alleged libelous matter: One of these classes constitutes an absolute privilege, and the other a qualified privilege, and, according to the great weight of authority, pertinent and relevant statements in pleadings in judicial proceedings are held to be within the first class mentioned, and are absolutely privileged . . . The test as to absolute privilege is relevancy and pertinency to the issue involved, regardless of the truth of the statements or of the existence of actual malice.

The trial judge therefore found that the pivotal question here was whether the words contained in the pleadings were relevant to any of the issues raised. The court again quoted from *Mauney* to the effect that:

> As to the degree of relevancy or pertinency necessary to make alleged defamatory matter privileged the courts favor a liberal rule. The matter to which the privilege does not extend must be so palpably wanting in relation to the subject-matter of the controversy that no reasonable man can doubt its irrelevancy and impropriety. In order that matter alleged in a pleading may be privileged, it need not be in every case material to the

issues presented by the pleadings. It must, however, be legitimately related thereto, or so pertinent to the subject of the controversy that it may become the subject of inquiry in the course of the trial.

The trial judge found although there was no evidence "that Judge Bill Pogue used County equipment or personnel in making improvements for himself, it was, however, legitimately related to the subject of the controversy, and it could have become a subject of inquiry in the course of the trial."

We agree. The rules announced in *Mauney* have been held to govern similar cases. *See Rhode Island Ins. Co.* v. *Boatright,* 186 Ark. 796, 56 S.W.2d 173 (1933) and *Howard* v. *Ward* and *Howard* v. *Rhine,* 238 Ark. 514, 383 S.W.2d 107 (1964). In addition, the Arkansas rule has been recently mentioned in federal court. In *Westridge* v. *Wright,* 466 F. Supp. 234 (E.D. Ark. 1979), Judge Roy applied Arkansas law to the issue of privilege and quoted the standard set out in *Mauney, supra.* The court stated:

Thus, under the established law of Arkansas, statements in pleadings in judicial proceedings are absolutely privileged as long as the statements are relevant and pertinent to the issues raised in the case. Statements in pleadings, if relevant and pertinent to the issues, are absolutely privileged even if the statements are false and made maliciously. The issue which the court must resolve . . . is . . . whether the allegations were relevant and pertinent . . . It is clear that this issue is one to be resolved by the court rather than a jury.

Here, the appellant is not challenging the trial court's factual finding that the allegations were relevant and pertinent to the issues. Rather, he argues first that A.R. Civ. P. Rule 11 makes a lawyer liable for false allegations in a pleading since the rule states that a lawyer's signature on a pleading constitutes a certificate by him that to the best of his knowledge, there is good ground to support the pleading. Rule 11 goes on, however, to provide that the sanction for a willful violation of this rule is appropriate

disciplinary action for the attorney. The same privilege that extends to pleadings extends to the attorneys who prepare them. Restatement [Second] Torts § 586 provides that "[a]n attorney at law is absolutely privileged to publish defamatory matter concerning another . . . in the institution of . . . a judicial proceeding in .which he participates as counsel, if it has some relation to the proceeding." The appellant's argument is without merit.

The appellant's other contention is that this Court should adopt the rule followed by Louisiana courts that pleadings are only qualifiedly privileged. Under this minority view, an allegation is not privileged unless founded on probable cause and not known to be false. We decline to adopt this position and adhere to our rules as stated in *Mauney, supra.*

Affirmed.