Michael SELBY *v.* Robert N. BURGESS

85-261                                          712 S.W.2d 898

Supreme Court of Arkansas
Opinion delivered July 14, 1986

*Perroni & Rauls, P.A.*, by: *Samuel A. Perroni*, for appellant.

*Gary Eubanks & Associates*, by: *Gary L. Eubanks*, for appellee.

DAVID NEWBERN, Justice. This is a slander case in which the trial court correctly found that a client, the appellee Robert Burgess, was not liable for statements made by his attorney in the course of investigating the client's claim. We must, however, reverse the summary judgment in favor of Burgess because there were allegations that Burgess personally slandered the appellant, Dr. Selby, and the summary judgment motion and its supporting documents did not show the lack of a remaining genuine issue of material fact as to those allegations.

Dr. Michael Selby, is an obstetrician-gynecologist. Melinda Burgess was a patient of Dr. Selby while she was married to appellee, Robert Burgess. Burgess retained attorney Gary Eubanks to represent him in bringing an alienation of affections claim against Dr. Selby, claiming that Dr. Selby had caused Melinda Burgess, who apparently later married Dr. Selby, to abandon Robert Burgess. The complaint alleged that Dr. Selby had induced Melinda Burgess to undergo an abortion and had thereafter impregnated her himself.

Dr. Selby counterclaimed contending that Burgess, "personally and through his duly authorized agent, Gary Eubanks," slandered him by stating to third persons that Dr. Selby had

performed an unnecessary abortion on Melinda Burgess.

The alienation of affections claim resulted in a judgment in favor of Dr. Selby. Burgess moved for a summary judgment on the slander claim, arguing that any statements Eubanks might have made to third persons in the course of investigating the alienation of affections claim were true as well as privileged. The argument submitted with the motion, however, did not address the part of the counterclaim stating that Burgess had "personally" slandered Dr. Selby.

In support of the motion for summary judgment, Burgess's brief in the trial court referred to these documents:

(1) Depositions of Joyce Henderson and Margaret Coley in which they testified that they were medical records custodians and that, in attempting to obtain records of Dr. Selby's treatment of Melinda Burgess, Eubanks had referred to an "abortion."

(2) The deposition of Dr. Selby confirming that he had performed a "D & C" on Melinda Burgess before which she had been pregnant and after which she had not.

(3) The deposition of Melinda Burgess Selby confirming that her pregnancy had been terminated but declining to characterize the procedure by which it was done as an "abortion."

In response to the motion, Dr. Selby submitted:

(1) The deposition of Sam Winstead who testified that he thought Burgess had told him that Dr. Selby had performed an abortion on Melinda Burgess.

(2) The affidavit of Melinda Burgess Selby stating that Burgess told her he intended to ruin Dr. Selby's medical practice.

(3) The depositions of Margaret Coley and Joyce Henderson.

The question to be answered in determining whether a summary judgment was correctly granted is whether the trial court was correct in concluding there remained no genuine issue

of material fact and the moving party was entitled to judgment as a matter of law based on the pleadings, discovery documents, admissions and affidavits, if any, showing what the proof will be. Ark. R. Civ. P. 56(c).

### 1. The Attorney's Privilege

The Restatement of Torts (Second) § 586 provides:

> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

The appellee cites many cases from many jurisdictions holding consistently with § 586. In response, Dr. Selby cites only our cases holding that we are circumspect as to summary judgments because they are drastic.

We adopted the principle of § 586 in *Pogue v. Cooper*, 284 Ark. 202, 680 S.W.2d 698 (1984). There we held that absolute privilege attached to allegations made by an attorney in a pleading filed with the court, as long as the statements alleged to be defamatory were relevant and pertinent to the issues in the case. We relied heavily on our earlier decision of *Mauney v. Millar*, 142 Ark. 500, 219 S.W. 1032 (1920), in which we recognized the absolute privilege of an attorney to make statements in pleadings regardless of their truth or the existence of actual malice on the part of the attorney so long as the statements were relevant and pertinent to the pleadings.

We have no difficulty extending the privilege to statements by an attorney made, as § 586 says, "preliminary to a proposed judicial proceeding." The section obviously covers communications made during investigation of a claim. Comment *e.* to § 586 is as follows:

> As to communications preliminary to a proposed judicial proceeding the rule stated in this Section applies only when the communication has some relation to a proceeding that is contemplated in good faith and under serious consideration. The bare possibility that the pro-

ceeding might be instituted is not to be used as a cloak to provide immunity for defamation when the possibility is not seriously considered.

Other jurisdictions have held the privilege extends to such communications. *See, e.g., Sriberg* v. *Raymond*, 345 N.E.2d 882 (Mass. 1976); *Theiss* v. *Scherer*, 396 F.2d 646 (6th Cir. 1968) (applying Ohio law); *Johnston* v. *Cartwright*, 355 F.2d 32 (8th Cir. 1966) (applying Iowa law). *See also Friedman* v. *Alexander*, 433 N.Y.S. 2d 627 (App. Div. 1980).

■ Although the privilege is absolute where it applies, we consider it to be a privilege narrowed closely by the "relevancy" and "pertinency" requirements, and we note that while the privilege will prohibit an attorney from being subject to litigation it will not make him immune from professional discipline, *see Theiss* v. *Scherer, supra*, when it is appropriate. We make no suggestion that any professional discipline is called for in this case.

■ It was correct for the court to find no liability with respect to the allegations of statements made by Gary Eubanks, as the discovery documents showed his publication of the allegedly slanderous statement occurred preliminary to or in the course of litigation, and that the statements he allegedly made were relevant and pertinent to that litigation.

## 2. The Remainder of the Claim

■ In moving for summary judgment, in arguing the motion to the trial court. and in arguing the propriety of the summary judgment in his brief before us, Burgess gave no reason to ignore the allegation that he personally slandered Dr. Selby.

The appellant, Dr. Selby, argues that in finding a summary judgment proper with respect to the claim against Eubanks, the court overlooked the fact that Burgess was alleged to have "personally" slandered him. None of the proof to which the summary judgment motion referred dealt with the claim against Burgess. The testimony of Sam Winstead which was submitted in response to the motion tended to support the claim. Thus, we find the summary judgment to have been entered erroneously.

Reversed and remanded.

HOLT, C.J., not participating.