R.C. PINKSTON, Jr. *v.* John F. LOVELL, Jr.

88-67                                759 S.W.2d 20

Supreme Court of Arkansas
Opinion delivered October 24, 1988

*Reuben "Jay" Pinkston,* pro se.

*Baxter, Eisele, Duncan & Jensen,* for appellee.

JACK HOLT, JR., Chief Justice. The appellant, attorney R.C. Pinkston, Jr., brought an action for slander against the appellee, attorney John F. Lovell, Jr. This appeal is from an order dismissing Pinkston's suit on motion for summary judgment by Lovell. On appeal, Pinkston contends the court erred: (1) in denying his request for a continuance; (2) in failing to recuse; (3) in granting Lovell's motion for summary judgment; and (4) in concluding that certain documents would be inadmissible at the hearing on the motion for summary judgment. We find no error and affirm.

The suit by Pinkston centered around statements made by Lovell on two occasions. The first statement was made sometime shortly before January 24, 1986, to a Mr. and Mrs. Caldarera — Pinkston's clients in a probate proceeding. The Caldareras came to see Lovell for his legal opinion on Pinkston's handling of the Caldareras' probate matters, Pinkston's charges for his services, and a divorce which the Caldareras were contemplating. On this occasion, Lovell's statements reflected his opinion as to Pinkston's competency with regard to the Caldareras' questions.

The second incident took place sometime in February 1987. By this time the Caldareras had divorced. Along with her present husband, Mrs. McKee, formerly Caldarera, sought an opinion from Lovell on the advisability of a malpractice action against Pinkston for overcharging her and her former husband and failing to protect their interests in the probate litigation. On this occasion, according to affidavits introduced at the hearing on the

summary judgment motion, Lovell had agreed with Mrs. McKee's sentiments that Pinkston was not competent as an attorney. Lovell also stated that he had heard Pinkston testify to that effect under oath during trial proceedings in an unrelated criminal matter.

Suit by Pinkston was filed on March 20, 1987. Lovell's motion for summary judgment was filed on August 5. In his response to the motion for summary judgment, Pinkston requested a continuance in order to conduct further discovery. At a hearing on October 5, 1987, the trial court denied the motion for a continuance, denied a motion to recuse, excluded certain documents offered by Pinkston, and granted the motion for summary judgment on the grounds that "[a]ll of the statements . . . allegedly made by defendant about plaintiff are either barred by the statute of limitations, constitute mere opinion, or constituted advice given to a client within the course and scope of the attorney-client relationship."

## CONTINUANCE

Rule 56 of the Arkansas Rules of Civil Procedure governs summary judgments and subsection (f) provides:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Subsection (f) makes evident that the decision to grant a continuance is within the discretion of the trial court. Pinkston acknowledges our rule that the refusal to grant a continuance will not be reversed absent an abuse of the trial court's discretion. *Mann* v. *State*, 291 Ark. 4, 722 S.W.2d 266 (1987).

We are not convinced from Pinkston's brief that additional discovery would have changed the outcome of the summary judgment proceedings and generally find Pinkston's arguments on this issue unpersuasive. Under the circumstances, we cannot say that the trial court abused its discretion.

## RECUSAL

The primary thrust of Pinkston's argument on this point is that the trial judge should have recused when it became clear that Pinkston might call the judge as a witness during trial of the slander suit inasmuch as the judge had previously presided over the unrelated criminal trial at which, according to Lovell, Pinkston had testified under oath concerning his competency to handle a particular criminal proceeding. Pinkston also asserts that the impartiality of the trial judge had been brought into question.

In his order granting summary judgment, the judge ruled:

> Plaintiff's Motion for Recusal should be denied . . . . That the trial judge may be a witness in the trial of this action has not been sufficiently shown, and in any event, is moot, inasmuch as . . . there are no issues of fact subject to proof by oral testimony of any witness, the trial judge included.

In effect, the judge determined: (1) the facts did not support the conclusion that he would have been called as a witness in the event the case went to trial; and (2) the issue was moot as the suit was being dismissed on motion for summary judgment. The trial court was correct.

First, any testimony taken at the earlier criminal proceeding was a matter of record. Thus, the judge's testimony would have been cumulative and unnecessary. Second, disposition of the slander suit by summary judgment obviated the need for addressing Pinkston's various grounds for the trial judge's recusal — with the exception of the impartiality issue, which we find to be without merit.

The matter of disqualification is one largely left to the discretion of the trial judge. *Sloss* v. *Farmers Bank and Trust Co.*, 290 Ark. 304, 719 S.W.2d 273 (1986). We find no abuse in this regard.

## SUMMARY JUDGMENT

Summary judgment, like a mistrial, is an extreme remedy. It will be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a

matter of law. Rule 56(c) of the Arkansas Rules of Civil Procedure. The burden of proving that there is no genuine issue of material fact is upon the appellee in this case, and all proof submitted must be viewed in a light most favorable to the party resisting the motion — appellant Pinkston. *Ford* v. *Cunningham*, 291 Ark. 56, 722 S.W.2d 567 (1987). Any doubts and inferences must be resolved against the moving party — appellee Lovell.

Pinkston brought suit against Lovell in March 1987. The allegedly slanderous statements by Lovell occurred during meetings with the Caldareras in January 1986 and February 1987. Ark. Code Ann. § 16-56-104(4) (1987) provides that actions for slander shall be commenced within one year after the cause of action accrues, which is the time of publication. As such, part of the action [dealing with the statements made in 1986] was barred as a matter of law.

As to the remaining statements, made in February 1987, the trial court granted summary judgment on the grounds that they constituted opinion or were privileged. Under the circumstances, we hold that the statements made by Lovell were privileged, not because they were made in the course of the attorney-client relationship, but because of the privilege of an attorney to publish defamatory matter as set forth in *Selby* v. *Burgess*, 289 Ark. 491, 712 S.W.2d 898 (1986).

In *Selby*, this court discussed section 586 of the Restatement of Torts (Second), which provides:

> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

As concerns the statements by Lovell, two issues surface. Were the statements preliminary to a proposed judicial proceeding in which Lovell was to participate as counsel? Next, did the statements have some relation to the proceeding? In *Selby*, we focused on the meaning of "preliminary to a proposed judicial proceeding" and quoted from subsection (e) of the Commentary to section 586:

As to communications preliminary to a proposed judicial proceeding the rule stated in this Section applies only when the communication has some relation to a proceeding that is contemplated in good faith and under serious consideration. The bare possibility that the proceeding might be instituted is not to be used as a cloak to provide immunity for defamation when the possibility is not seriously considered.

Having reviewed the affidavits of Mrs. McKee and appellee Lovell, we have no difficulty in concluding that their discussions relating to a malpractice action against Pinkston reflected "a proceeding that is contemplated in good faith and under serious consideration."

Whether all the statements made by Lovell had some relation to the proceeding is of some concern, however. Our discussion in *Selby* provided the key. We said, "Although the privilege is absolute where it applies, we consider it to be a privilege narrowed closely by the 'relevancy' and 'pertinency' requirements." *Selby* at 495. In this regard, subsection (c) of the Commentary to section 586 provides:

> *Relation of statement to proceedings.* The privilege stated in this Section . . . is available only when the defamatory matter has some reference to the subject matter of the proposed or pending litigation, although it need not be strictly relevant to any issue involved in it. Thus the fact that the defamatory publication is an unwarranted inference from the evidence is not enough to deprive the attorney of his privilege . . . . [T]he privilege does not cover the attorney's publication of defamatory matter that has no connection whatever with the litigation.

The most troublesome question is as to whether Lovell's statements concerning Pinkston's testimony at an unrelated criminal proceeding had any relation to Mrs. McKee's concerns about Pinkston's ability to handle her affairs. The dominant theme of Mrs. McKee's visits to attorney Lovell dealt with Pinkston's competency as an attorney. It was that issue which suggested a possible malpractice action and which prompted Lovell's comments about Pinkston's prior statements under oath. Hence, while Lovell's comments may not have been "strictly

relevant" to some identifiable issue in the proposed malpractice suit, we cannot say that there was "no connection whatever."

Accordingly, we find no error in the trial court's dismissal of the suit on grounds that, as a matter of law, Lovell's statements were either privileged or barred by the applicable limitations period.

### INADMISSIBLE DOCUMENTS

Rule 56(c) provides that the motion for summary judgment shall be served at least 10 days before the time fixed for the hearing, and "[t]he adverse party, *prior to the day of hearing*, may serve opposing affidavits." (Emphasis ours.) Pinkston sought to introduce several documents during the hearing on Lovell's motion for summary judgment. The record contains the proffered exhibits. We have reviewed them and do not find that their introduction would have altered the outcome of the proceedings. We find no abuse of discretion by the trial court in ruling that the materials should not be admitted for failure to comply with Rule 56(c).

Affirmed.