HERITAGE BAY PROPERTY REGIME *v.* Kent JENKINS and Paula V. Jenkins

CA 88-254                                       766 S.W.2d 624

Court of Appeals of Arkansas
Division II
Opinion delivered March 22, 1989

*Wright, Lindsey & Jennings*, for appellant.

*Everett & Gladwin*, by: *John C. Everett*, for appellee.

JUDITH ROGERS, Judge. The appellant, Heritage Bay Horizontal Property Regime, hereinafter "Heritage Bay," appeals the trial court's decision awarding summary judgment in favor of appellees, Kent and Paula V. Jenkins. On appeal, Heritage Bay contends that the trial court erred in granting appellees' motion for summary judgment because the facts upon which that motion was predicated did not entitle appellees to judgment as a matter of law. We find that there is a remaining factual issue to be resolved, and reverse.

On May 12, 1987, the appellees purchased a condominium unit in Heritage Bay, which is located in Benton County, Arkansas. Heritage Bay's by-laws and master deed were duly filed of record with the Circuit Clerk of Benton County in accordance with the Horizontal Property Act, found in Ark. Code Ann. §§ 18-13-101 to -120 (1987). Pursuant to its by-laws, Heritage Bay is governed by a board of administration. At the time of appellees' purchase, the board of administration had enacted certain rules and regulations. Article III, § 3 of these

rules and regulations provides:

> No commercial activities of any kind whatever shall be conducted in any building or on any portion of the Properties except activities intended primarily to serve residents in the Properties.

Upon assuming occupancy, appellee Kent Jenkins, a manufacturer's representative doing business under the name of Kent Jenkins Sales, Inc., began using his condominium as an office. A complaint was lodged with the board of administration by another owner who objected to appellees' conducting commercial activities out of their condominium. Thereinafter appellees became the subject of various board meetings, where it was determined that this use of their property was in violation of the above-mentioned regulation.

Appellees filed suit against Heritage Bay and others in the Chancery Court of Benton County, seeking among other things a declaratory judgment that the regulation was inapplicable as to them, and disputing the enforceability of the regulation prohibiting this use of the property. The case was submitted to the chancellor on cross motions for summary judgment. In requesting the chancellor to make a ruling as to which party was entitled to judgment as a matter of law, based on the conflicting theories advanced by each, the parties agreed that there were no factual issues in dispute. In granting appellees' motion for summary judgment, the chancellor, in reliance upon Ark. Code Ann. § 18-12-103 (1987), found that the regulation in issue, as a restrictive covenant, was unenforceable against appellees because it had not been filed of record.

Heritage Bay filed a motion for a new trial. In its motion and accompanying brief, it was argued that appellees were not entitled to judgment as a matter of law because appellee Kent Jenkins had admitted to having advance notice of the regulation. Authority for this proposition is found in *Jones* v. *Cook*, 271 Ark. 870, 611 S.W.2d 506 (1981). *See also Harbour* v. *Northwest Land Co.*, 284 Ark. 286, 681 S.W.2d 384 (1984). The chancellor denied the motion for a new trial. It is from the conclusion of law reached by the chancellor in granting summary judgment and the denial of the motion for a new trial that Heritage Bay brings this appeal.

Summary judgment is an extreme remedy, and is only proper whenever the pleadings and proof show that no genuine issue exists as to a material fact and that the moving party is entitled to judgment as a matter of law. *Talley* v. *MFA Mutual Ins. Co.*, 273 Ark. 269, 620 S.W.2d 260 (1981). In considering a motion for summary judgment, a judge may consider pleadings, depositions, answers to interrogatories and admissions of fact, together with affidavits, if any, to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to summary judgment. *Hallmark Cards, Inc.* v. *Peevy*, 293 Ark. 594, 739 S.W.2d 691 (1987). Summary judgment is not proper where evidence, although in no material dispute as to actuality, reveals aspects from which inconsistent hypotheses might reasonably be drawn and reasonable men might differ. *Walker* v. *Stephens*, 3 Ark. App. 205, 626 S.W.2d 200 (1981). The object of summary judgment proceedings is not to try the issues, but to determine if there are issues to be tried, and if there is any doubt whatsoever, the motion should be denied. *Id.*

Upon review, the question to be answered is whether the trial court was correct in concluding that there remained no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, based on the pleadings, discovery documents, admissions of fact and affidavits, if any, showing what the proof will be. *Selby* v. *Burgess*, 289 Ark. 491, 712 S.W.2d 898 (1986).

On appeal, Heritage Bay contends that the lack of recordation is not determinative of the enforceability of the regulation. Heritage Bay argues that appellee Kent Jenkins' admission as to having had notice of the regulation vitiates the lack of recordation, and thus the failure to record is not an absolute bar to enforceability. We agree with Heritage Bay's contention to the extent that it raises a genuine issue of fact that remains unresolved.

Heritage Bay propounded to appellees certain Requests for Admission of Fact. Request Number Eight reads:

> Admit or deny that you had knowledge, prior to your purchase of the above described unit within the Horizontal Property Regime, of the rules and regulations concerning

the use and personal conduct of the co-owners of the Heritage Bay Horizontal Property Regime prior to the time you purchased the above described unit.

Appellee replied:

It is admitted that the Plaintiff had information about the rules and regulations; it is denied that the information available to plaintiff was such that he could not do on his property the actions that he is now doing.

In view of this admission made by appellee, we conclude that a material factual issue existed, which made the granting of judgment as a matter of law to appellee improper. In addition, the issue of appellees' notice is consonant with the allegations of misrepresentation stated in appellees' complaint. In reversing the decision of the chancellor, we hold only that summary judgment was improper in that there remains a genuine issue of material fact yet to be determined. In so holding we express no opinion on the merits of this case or on any ancillary questions that may arise when this matter goes to trial.

We are cognizant of the posture of the case as it was presented, in that it was submitted to the chancellor for decision based on cross motions for summary judgment where it was agreed that there were no factual issues in dispute. However, we find no inconsistency in Heritage Bay now asserting a factual question after it had received an adverse decision. The chancellor was obviously well briefed on the facts and law of this case, but was mistaken as to the rule that one can take an inconsistent factual position after submitting the case for summary judgment. The fact that both parties move for summary judgment does not establish that there is no issue of fact, for a party may concede there is no issue if his legal theory is accepted, and yet subsequently maintain there is a genuine dispute as to material facts if his opponent's theory is adopted. *Wood* v. *Lathrop*, 249 Ark. 376, 459 S.W.2d 808 (1970). *See also Dickson* v. *Renfro*, 263 Ark. 718, 569 S.W.2d 66 (1978); *Hood* v. *Welch*, 249 Ark. 1159, 463 S.W.2d 362 (1971).

REVERSED and REMANDED.

CORBIN, C.J., and COOPER, J., agree.