John D. MILLS and Sandra D. Mills, His Wife, and Rachel
Susan Sherry *v.* John V. CRONE and Elizabeth Crone,
His Wife

CA 98-59                                                 973 S.W.2d 828

Court of Appeals of Arkansas
Division IV
Opinion delivered September 9, 1998

*Lewis D. Jones*, for appellants.

*Davis, Cox & Wright, PLC,* by: *Don A. Taylor,* for appellees.

SAM BIRD, Judge. Appellants, John and Sandra Mills and their daughter, Rachel Susan Sherry, appeal a decision of the Washington County Circuit Court that granted summary judgment to appellees, John and Elizabeth Crone, in appellants' negligent-entrustment action. On appeal appellants argue that the trial court erred in (1) granting appellees' motion for summary judgment in that there exists a genuine issue of material fact as to whether John and Elizabeth Crone were liable for negligent entrustment; and (2) granting the motion for summary judgment before discovery was complete. We affirm.

On January 10, 1996, Rachel was a passenger in a car driven by Christopher Crone, appellees' eighteen-year-old son, when she was injured in an automobile accident. On June 19, 1997, appellants filed suit against appellees for Rachel's personal injuries, alleging that appellees were the owners of the 1975 BMW Chris was driving and that appellees had negligently entrusted the vehicle to Chris knowing his ineptitude as a driver because he had a history of careless, reckless, and negligent operation of a vehicle. Appellants further alleged that when the accident occurred, Chris was operating the vehicle in a reckless and dangerous manner; that the vehicle was insured by Southern Farm Bureau Casualty Insurance Company; and that the insurance did not cover the accident because it contained an endorsement to the policy providing that none of the insurance coverages would apply if Chris was driving the automobile. A copy of the endorsement was attached to the complaint.

Appellees answered the complaint on July 9, 1997, specifically denied that they owned the 1975 BMW involved in the accident, and affirmatively pled that the vehicle was owned and operated by Chris. They also denied any negligence.

On August 12, 1997, appellees filed a motion for summary judgment, to which was attached the affidavit of John V. Crone and a copy of the certificate of title to the 1975 BMW showing that it was owned by Chris Crone. In his affidavit, John Crone said his son had purchased the BMW using his own money and "a small sum of money loaned to him" by Mrs. Crone, which Chris

had repaid. The affidavit stated that Chris was responsible for all costs and expenses involved in operating the vehicle except insurance, which Mr. Crone stated he listed on his insurance policy. He alleged he was unaware until after the accident that the policy contained an endorsement that excluded coverage when Chris was driving.

In response to appellees' motion for summary judgment appellants argued that there were justiciable issues in the case, one of which was whether the defendants had a "duty to control" their son, who was a high-school student dependent upon them for his livelihood. In his affidavit, John Mills also alleged that he had personal knowledge that the BMW had been purchased for Chris by his parents while he was a minor, that Chris had been involved in two previous accidents, that the Crones had provided liability insurance for Chris but it had been canceled or not renewed at the time of the accident, and that Chris had received numerous traffic citations for violations.

At a hearing held on October 2, 1997, appellants argued that the motion for summary judgment was premature because discovery was not complete, and that the negligent entrustment occurred at the time the Crones purchased the vehicle for Chris, while he was still a minor, rather than at the time of the accident when he was already over eighteen. Appellees argued that the issue was whether the Crones had a right to control Chris at the time of the accident. From the bench, the trial court held that the negligent entrustment, if any, did not occur when the Crones helped their son purchase the car, and that since the car was owned by Chris and he was not a minor, there had been no entrustment, one of the essential elements of negligent entrustment. Summary judgment was granted.

■ Appellants' first argument challenges the propriety of the summary judgment. Summary judgment is an extreme remedy that should be allowed only when it is clear that there is no genuine issue of material fact to be litigated. *Hawkins v. Heritage Life Ins. Co.*, 57 Ark. App. 261, 946 S.W.2d 185 (1997). The burden of sustaining a motion for summary judgment is on the moving party. *Id.* On appeal we view the evidence in the light

most favorable to the nonmoving party, and decide if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered.

■ "Negligent entrustment" is established by showing that: (1) the entrustee was incompetent, inexperienced, or reckless; (2) the entrustor knew or had reason to know of the entrustee's conditions or proclivities; (3) there was an entrustment of the chattel; (4) the entrustment created an appreciable risk of harm to the plaintiff and a relational duty on the part of the defendant; and (5) the harm to the plaintiff was proximately or legally caused by the negligence of the defendant. *Balentine v. Sparkman*, 327 Ark. 180, 937 S.W.2d 647 (1997); *Renfro v. Adkins*, 323 Ark. 288, 914 S.W.2d 306 (1996); *Mann v. Orrell*, 322 Ark. 701, 912 S.W.2d 1 (1995).

Appellants contend that appellees negligently entrusted the BMW to their son when they helped him purchase it approximately seven months before the accident occurred. In support of this argument appellants rely upon *Arkansas Bank and Trust Co. v. Erwin*, 300 Ark. 599, 781 S.W.2d 21 (1989), in which the Arkansas Supreme Court held that negligent entrustment may arise when an incompetent person is given funds to purchase an automobile.

■ Section 308 of the *Restatement (2d) of Torts* (1965), along with section 390, states the general rule for negligent-entrustment liability.[1] Section 308 provides:

> It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such a person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

Comment *a* to section 308 explains:

---

[1] Section 390 recognizes that liability may be imposed upon one who supplies chattel for use of an incompetent person. Section 308 limits the application of section 390. *See Broadwater v. Dorsey*, 344 Md. 548, 688 A.2d 436 (1997).

    *a.* The words "under the control of the actor" are used to indicate that the third person is entitled to possess or use the thing or engage in activity only by the consent of the actor, and that the actor has reason to believe that by withholding consent he can prevent the third person from using the thing or engaging in the activity.

According to the *Restatement*, one is not liable for negligent entrustment of a thing if he has no right to control its use. *See Zedella v. Gibson*, 165 Ill. 2d 181, 650 N.E.2d 1000 (1995); *American Mut. Fire Ins. Co. v. Passmore*, 275 S.C. 618, 274 S.E.2d 416 (1981); *McCarty v. Purser*, 379 S.W.2d 291 (Tex. 1964); 57A Am. Jur. 2d *Negligence* § 331 at 343 (2d ed. 1989). Therefore, for appellees to be held liable for negligent entrustment, appellants had to show that appellees had the right to control their son's use of the BMW.

    ■ In *Sanders v. Walden*, 214 Ark. 523, 217 S.W.2d 357 (1949), the Arkansas Supreme Court stated:

    If the person permitted to operate the car is known to be incompetent and incapable of properly running it, although not a child, the owner will be held accountable for the damage done, because his negligence in intrusting the car to an incompetent person is deemed to be the proximate cause of the damage. In such a case of mere permissive use, the liability of the owner would rest, not alone upon the fact of ownership, but upon the combined negligence of the owner in intrusting the machine to an incompetent driver, and of the driver in its operation.

214 Ark. at 527-28, 217 S.W.2d at 360. *See also Chaney v. Duncan*, 194 Ark. 1076, 110 S.W.2d 21 (1937).

    ■ However, in the instant case, appellees were not the owners of the BMW. The title showed the registered owner of the car to be Chris Crone, and Mr. Crone swore in his affidavit that Chris had purchased the car with his own money and a small amount he borrowed from his mother and paid back. According to Mr. Crone, Chris was responsible for the care and maintenance of the car, and all expenses connected with the car. Furthermore, at the time of the accident Chris was over the age of eighteen,

legally an adult capable of owning real and personal property. *See* Ark. Code Ann. § 9-25-110(a) (Repl. 1998), and Ark. Code Ann. § 9-26-103(a). Simply because the Crones carried the vehicle on their insurance policy did not give them the right to control its use. *See Broadwater v. Dorsey*, 344 Md. 548, 688 A.2d 436 (1997). Therefore, the trial court did not err in granting summary judgment to appellees on the negligent-entrustment issue.

Appellants also argue that the trial judge should not have granted summary judgment until all discovery had been completed. Whether to grant a continuance to allow for further discovery is a matter within the discretion of the trial court. Ark. R. Crim. P. 56(f); *Alexander v. Flake*, 322 Ark. 239, 910 S.W.2d 190 (1995); *Jenkins v. Int'l Paper Co.*, 318 Ark. 663, 887 S.W.2d 300 (1994). In order for this court to reverse the trial court's denial of the continuance, the appellants must show that the trial court abused its discretion, and that the additional discovery would have changed the outcome of the case. *Alexander, supra.* Appellants have not demonstrated that the trial court abused its discretion in granting the summary judgment prior to the completion of all discovery or that additional discovery would have changed the outcome of the case. *See Pinkston v. Lovell*, 296 Ark. 543, 759 S.W.2d 20 (1988). Furthermore, appellants cite no authority for this argument, and we will not consider an argument that is not accompanied by authority or convincing argument. *Sims v. First Nat'l Bank, Harrison*, 267 Ark. 253, 590 S.W.2d 270 (1998).

Affirmed.

MEADS and JENNINGS, JJ., agree.