Hely, J.
The plaintiff alleges that negligent driving by Michael Caplan caused the death of her son. The defendant Joanne Caplan is the mother of Michael Caplan. The plaintiffs negligent entrustment claim against Joanne Caplan alleges that she gave ownership of the accident vehicle to Michael Caplan knowing that he had a record of multiple motor vehicle violations and license suspensions at the time of the gift.
The accident occurred on January 7, 1999. The defendant Joanne Caplan gave her son Michael Caplan ownership of the car four-and-a-half months earlier, on August 26, 1998. Michael Caplan was twenty when his mother gave him ownership of the car. He was twenty-one on the date of the accident. The plaintiff has not pointed to any evidence that Michael Caplan did not have a valid driver’s license at the time his mother gave him the car or at the time of the accident.
Under Massachusetts law, in order to prevail on a claim of negligent entrustment of a motor vehicle, “it is necessary for the plaintiff to show, among other things, that the defendant owned or controlled the motor vehicle concerned, and that the defendant gave the driver permission to operate the vehicle.” Alioto v. Marnell, 402 Mass. 36, 40 (1988); Barnstable County Mutual Fire Insurance Co. v. Lally, 374 Mass. 602, *569 695-06 (1978); Leone v. Doran, 363 Mass. 1, 7 (1973). At the time of the accident in this case, the defendant parent did not own or control the vehicle that was operated by her adult son.
The plaintiff relies on Restatement (Second) of Torts, §390 and Comment b, Illustration 6, as a basis for possible parental liability in these circumstances. The court is of the opinion that Massachusetts law would follow the law of several other states in rejecting this theory. The court concludes that a negligent entrustment action cannot be established against a parent based on the parent’s gift or sale of a motor vehicle to an adult child who is a licensed driver, even if the parent has knowledge of the adult child’s bad driving record and prior license suspensions. See Broadwater v. Dorsey, 344 Md. 548, 688 A.2d 436, 440-43 (1997) (citing cases from other states); see Mills v. Crone, 63 Ark.App. 45, 973 S.W.2d 828, 829-31 and n. 1 (1998) (noting that “Section 308 of the Restatement limits the application of section 390”); Johnson v. Johnson, 611 N.W.2d 823, 826-27 (Minn.App. 2000).[1]
ORDER
The defendant Joanne Caplan’s motion for summary judgment is allowed.

Massachusetts law does not follow the Restatement on at least one important element of negligent entrustment. Massachusetts requires the owner of the vehicle to have actual knowledge of the driver’s incompetence. Kunkel v. Alger, 10 Mass.App.Ct. 76, 82 n. 6 (1980).