CORN INSURANCE AGENCY, INC., *et. al. v.*
FIRST FEDERAL BANK of ARKANSAS, F.A.

CA 03-1399                                          194 S.W.3d 230

Court of Appeals of Arkansas
Division I
Opinion delivered September 29, 2004

*John P. Corn,* for appellants.

*Marian M. McMullan,* and *Kelly Halstead,* for appellee.

KAREN R. BAKER, Judge. This appeal involves the priority of mortgage liens held by appellee First Federal Bank of Arkansas, F.A., and Bank of Yellville's assignee, appellant Corn Insurance Agency, Inc., on 1.95 acres in Pulaski County owned by appellants Joe Swaffar and Sandra Swaffar. We hold that the Pulaski County Circuit Court erred in deciding this case by summary judgment and reverse and remand for trial.

The Swaffars borrowed money from Bank of Yellville on August 21, 1985. They signed a note to Bank of Yellville and gave a mortgage on approximately five acres in Pulaski County to secure that debt on the same date. On June 18, 1986, Bank of Yellville gave the Swaffars a deed of partial release to 1.95 acres within their tract. The partial release deed was recorded on June 23, 1986. The Swaffars obtained it from Bank of Yellville because they had applied for a loan with First Federal Savings & Loan Association of Malvern, Arkansas (First Federal of Malvern), which would be secured by a first mortgage on the 1.95 acres; without the release from Bank of Yellville, First Federal of Malvern would not be in a first-lien-priority position. After receiving $100,000 for the release of the 1.95 acres, Bank of Yellville executed the partial release deed, and First Federal of Malvern made the loan to the Swaffars. The partial release deed, however, contained what appellee has called scrivener's errors. On June 17, 1986, the Swaffars gave First Federal of Malvern a mortgage to secure their debt to it. This mortgage also contained an error. When First Federal of Malvern attempted to correct the legal description in their mortgage by filing a correction mortgage, it corrected the original error but made another mistake in omitting a call from the description. This correction mortgage was filed on October 7, 1988.

Bank of Yellville filed a foreclosure action against the Swaffars in the Pulaski County Chancery Court in May 1989. In its complaint, Bank of Yellville acknowledged that its deed of partial release had contained errors and asserted that, in May 1989, it had attempted to cure those errors by executing a correction deed of partial release of the 1.95 acres. This correction deed of partial release, however, was not filed, and only a copy of the original is in this record. That action was dismissed without prejudice on July 31, 1990.

Bank of Yellville made another loan to the Swaffars in November 1989, which was also secured by a mortgage on the Swaffars' entire five acres. Resolution Trust Corporation, acting as receiver for First Federal of Malvern, assigned the 1986 Swaffar mortgage to First Federal Savings of Harrison on May 2, 1990. It was recorded on June 21, 1990, and also contained an error in the legal description.

Appellee filed this action against the Swaffars and Bank of Yellville on May 21, 2001. In its complaint, it alleged that the Swaffars were in default on the June 17, 1986 promissory note and

asserted the priority of its mortgage lien on the property. In its counterclaim, cross-claim, and third-party complaint, Bank of Yellville alleged that the Swaffars had defaulted on their 1989 note and asserted the priority of its mortgage lien on the property. Appellee filed an amended complaint in June 2002, alleging that there were errors in the relevant property descriptions as a result of the parties' mutual mistakes and requested reformation of the Swaffars' mortgage to First Federal of Malvern to reflect the parties' intent. Appellee also requested reformation of the correction mortgage, the assignment, and the partial release deed to reflect the proper legal description of the property. Appellee sought enforcement of the debt reflected in the promissory note and enforcement of its mortgage on the property securing that debt, as reformed.

In their answer, the Swaffars set forth the affirmative defenses of laches and limitations. In its answer, Bank of Yellville also asserted those defenses and alleged that its interest in the property was superior to that of appellee. Bank of Yellville filed an amended counterclaim, cross-claim, and third-party complaint on July 16, 2002, asserting that the Swaffars had defaulted in their debt to it and seeking to recover the amount due under the November 15, 1989 promissory note and to foreclose on the November 15, 1989 mortgage, which it asserted was superior to the interests of all other parties.[1]

On July 24, 2002, Bank of Yellville assigned all of its interest in the Swaffars' 1989 promissory note and mortgage and its rights and claims in this litigation to appellant Corn Insurance Agency, Inc. (Corn). An order substituting Corn for Bank of Yellville in this action was signed by the circuit court on August 30, 2002.

Appellee moved for summary judgment on February 11, 2003. In support of its motion, appellee filed copies of the documents discussed above and the affidavits of First Federal of Malvern's attorney, Don Spears, an employee of appellee, Carolyn Thomason, and appellee's executive vice-president, Ross Mallioux.

---

[1] Other parties with claims against the Swaffars' property were brought into this action as third-party defendants. Those parties have not asserted any claims to the property superior to those held by appellee and Corn. David Henry, trustee of the JTS Irrevocable Trust, intervened in this action because the Swaffars conveyed their property to him.

Corn and the Swaffars filed a joint motion for partial summary judgment. They asserted that appellee's complaint for reformation was time-barred and that, without reformation, the documents upon which appellee relied could not establish an enforceable lien. In support of their motion, they attached the affidavit of John Tweedle, a registered land surveyor, and copies of the assignment from Bank of Yellville. They argued that there was no evidence that Bank of Yellville was mistaken as to the legal description contained in the deed of partial release; that there was no evidence that the promissory note upon which appellee relied had been endorsed to appellee or was in appellee's possession; and that this action was filed outside the period of limitations. They also argued that there was no evidence that the correction mortgage had ever been assigned to appellee. They contended that appellee did not have a lien on the property but that, if it did, it would be inferior to that possessed by Corn. Appellants further argued that appellee had not submitted sufficient evidence to establish that it was the holder of a note.

In the July 7, 2003 order granting appellee's motion for summary judgment and denying Corn's motion for summary judgment, the court made the following findings:

> 9. That due to various scrivener's errors as hereinabove set out on the First Federal Mortgage, First Federal Correction Mortgage, RTC Assignment and Bank of Yellville Partial Release Deed, the Court finds said errors, occurred by mutual mistakes of the parties thereto and did not properly reflect their true intent; that the aforesaid errors were contrary to the desires and intents of the parties hereto to create the first lien in favor of the Plaintiff herein on the 1.95 acres fronting Mabelvale Pike owned by the Separate Defendants, Joe Thomas Swaffar and Sandra Carol Swaffar, husband and wife; that it was the intent of the parties thereto notwithstanding their mutual mistake to provide to the Plaintiff a first Mortgage lien on 1.95 acres fronting Mablevale Pike owned by the Separate Defendants, Joe Thomas Swaffar and Sandra Carol Swaffar, husband and wife, herein, said property being correctly described as follows, to-wit:
>
>> Commencing at the Southwest corner of the Northwest 1/4 Southeast 1/4, Section 3, Township 1 South, Range 13 West; thence North 17°26'24"E 569.80 feet; thence South 88°24'07"E 189.18 feet to the point of beginning; thence South 88°24'07"E 418.82 feet to the West boundary of Mabelvale

Pike; thence along said West boundary S 09°18'00"W 209.52 feet; thence North 88°30'00"W 400.05 feet; thence North 04°07'44"E 208.52 feet to the point of beginning comprising 1.95 acres, more or less.

The Court finds it was the intent that Bank of Yellville release its 1985 mortgage lien and that RTC assign the Mortgage and Correction Mortgage to Plaintiff on the property described in this paragraph.

That the Separate Defendants, Joe Thomas Swaffar and Sandra Carol Swaffar, husband and wife, have continued, since the acquisition of the aforesaid property, to be in possession of the above described property and made payments to the Plaintiff and the Plaintiff's predecessor upon said Mortgage until default as hereinafter set out; that by reason of the above scrivener's error and the mutual mistake on the part of the parties hereto and the parties to the instruments as delineated, the First Federal Mortgage (Instrument No. 86-36060), First Federal Correction Mortgage (Instrument No. 88-53641), RTC Assignment (Instrument No. 90-34142), and Bank of Yellville Partial Release Deed 86-35810) should be reformed and construed to reflect the proper description covering 1.95 acres as set out in this paragraph.

The court found the Swaffars to be in default and granted judgment to appellee against them in the amount of $213,557.10, and $6,045 as attorney's fees, plus interest, and found that appellee has a first lien on the property. The court ordered the property to be sold if the judgment was not paid within ten days. In granting the relief, however, the court did not reform the documents but interpreted them, stating:

IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THIS COURT that due to the various scrivener errors as hereinabove set out on the First Federal Mortgage, First Federal Correction Mortgage, RTC Assignment and Bank of Yellville Partial Release Deed, said errors being made through the mutual mistake of the parties hereto and contrary to the desires and intentions of the parties hereto, the aforesaid description of the property as set out in the above described instruments be, and the same is hereby interpreted to reflect the more particular description reflecting the parties true intentions, described as follows, to-wit:

> Commencing at the Southwest corner of the Northwest 1/4 Southeast 1/4, Section 3, Township 1 South, Range 13 West; thence North 17°26'24"E 569.80 feet; thence South 88°24'07"E 189.18 feet to the point of beginning; thence South 88°24'07"E 418.82 feet to the West boundary of Mabelvale Pike; thence along said West boundary S 09°18'00"W 209.52 feet; thence North 88°30'00"W 400.05 feet; thence North 04°07'44"E 208.52 feet to the point of beginning comprising 1.95 acres more or less.

On September 12, 2003, the court entered a final judgment finding the Swaffars to be in default on their obligation to Corn, granting Corn judgment in the amount of $156,648 plus $15,000 in attorney's fees and ordering foreclosure if the judgment was not paid within ten days. The court found that Corn's mortgage on the property is second to that held by appellee on the 1.95 acres and first as to the adjoining lands. This appeal followed.

Appellants do not argue that the trial court erred in deciding this case by summary judgment. Instead, they assert that, as a matter of law, summary judgment should have been granted to Corn for the following reasons: (1) appellee failed to produce evidence of an assignment of the Swaffars' 1986 First Federal of Malvern mortgage and note to appellee, First Federal Bank of Arkansas, F.A.; (2) appellee failed to produce the original 1986 promissory note given by the Swaffars to First Federal of Malvern; (3) appellee failed to properly identify the property that was the subject of the 1986 mortgage given by the Swaffars to First Federal of Malvern; (4) appellee's action is barred by the statute of limitations and by laches. Our disposition of the first two points on appeal renders it unnecessary to decide the third and fourth points.

Summary judgment is to be granted only when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *State Farm Mut. Auto. Ins. Co. v. Henderson,* 356 Ark. 335, 150 S.W.3d 276 (2004). Normally, on a summary-judgment appeal, the evidence is viewed most favorably for the party resisting the motion and any doubts and inferences are resolved against the moving party, but in a case where the parties agree on the facts, we simply determine whether the appellee was entitled to judgment as a matter of law. *Aloha Pools & Spas, Inc. v. Employer's Ins. of Wausau,* 342 Ark. 398, 39 S.W.3d 440 (2000). When parties file cross-motions for summary judgment, as was done in this case, they essentially agree that there are no material facts remaining, and summary judgment may

be an appropriate means of resolving the case. *Cranfill v. Union Planters Bank, N.A.*, 86 Ark. App. 1, 158 S.W.3d 703 (2004).

■ The filing of cross-motions for summary judgment, however, does not necessarily mean that there are no material issues of fact in dispute. In some cases, a party may concede that there is no issue if his legal theory is accepted and yet maintain that there is a genuine dispute as to material facts if his opponent's theory is adopted. *Wood v. Lathrop*, 249 Ark. 376, 459 S.W.2d 808 (1970); *Cranfill v. Union Planters Bank, N.A., supra*; *Chick-a-Dilly Props., Inc. v. Hilyard*, 42 Ark. App. 120, 856 S.W.2d 15 (1993); *Moss v. Allstate Ins. Co.*, 29 Ark. App. 33, 776 S.W.2d 831 (1989); *Heritage Bay Prop. Regime v. Jenkins*, 27 Ark. App. 112, 766 S.W.2d 624 (1989). In *Cranfill v. Union Planters Bank, supra*, we held that a case may appropriately be decided by summary judgment when the parties proceed on the same legal theory and the same material facts in making cross-motions for summary judgment. Here, the parties have proceeded on different legal theories. Appellee contends that, when the documents on which it relies were drafted, the parties were mutually mistaken as to the proper legal description of the 1.95 acres and that the court should interpret those documents in keeping with the parties' intent. Appellants, however, assert that those property descriptions were legally insufficient and, therefore, appellee's lien (if any) is secondary to that held by Corn. Accordingly, we hold that this case was not amenable to decision by summary judgment and that it should have gone to trial.

### The Assignment

■ This case must also be reversed and remanded for two additional reasons, both of which involve a failure of proof on the part of appellee. Relying on our decision in *Beal Bank, S.S.B. v. Thornton*, 70 Ark. App. 336, 19 S.W.3d 48 (2000), appellants argue that appellee failed to establish that it is the assignee of the Swaffars' June 17, 1986 note and mortgage to First Federal of Malvern. Appellee asserts that appellants failed to raise this issue to the trial court and cannot, therefore, raise it on appeal. We disagree. At the hearing on the motions for summary judgment, Corn's attorney challenged the assignment.

Appellee filed a copy of the May 2, 1990 assignment by RTC, as receiver for First Federal of Malvern, to First Federal Savings of Harrison. There is nothing in the record, however, to

reflect an assignment from First Federal Savings of Harrison to appellee. Appellee states in its brief that First Federal Savings of Harrison changed its name to First Federal Bank of Arkansas, F.A. (appellee). That fact, however, is not documented in the record. Under the holding in *Beal Bank*, that failure of proof should have prevented the entry of summary judgment for appellee. In *Beal Bank*, we explained the importance of the plaintiff's proof of assignment as follows:

> Unless the defendant admits the assignment under which the plaintiff claims, the plaintiff has the burden of proving that there was a valid assignment in order to show that he or she has a cause of action. 6 AM. JUR. 2d *Assignments* § 191 (1999). "Whether an assignment of contract rights has occurred is determined by the intent of the parties; the assignor must intend to transfer a present interest in the subject matter of the contract." *Id.* at section 135. The intent of parties to an assignment is a question of fact derived from the instruments and the surrounding circumstances; therefore, whether an assignment occurred is a question of fact for the trial court. *Id.* at sections 136 and 190.

> The assignee's burden of proving the existence of the assignment is met by evidence that is satisfactory in character to protect the defendant from another action by the alleged assignor, and which shows that there was a full and complete assignment of the claim from an assignor who was the real party in interest with respect to the claim.

*Id.* at section 193.

70 Ark. App. at 341, 19 S.W.3d at 51.

■ Given the clear requirement that appellee prove that it has a valid assignment of the documents on which it relies, its failure to do so warrants reversal of the summary judgment.

### *The Original Promissory Note*

■ Additionally, appellants argue that appellee's failure to produce the original June 17, 1986 promissory note given by the Swaffars to First Federal of Malvern should have barred the entry of judgment for appellee. Although appellee attached a copy of this note to its amended complaint, it did not produce the original, which it admitted was in its possession. It has long been held that

there can be no judgment on a note when it is not introduced into evidence and its absence is not explained. *See McKay v. Capital Resources Co.*, 327 Ark. 737, 940 S.W.2d 869 (1997); 12 AM. JUR. 2d *Bills and Notes* §§ 658, 677, 679 (1997). Because appellee did not produce the original of this note or sufficiently explain its absence, it failed to establish its status as a holder entitled to sue on it.

For these reasons, we order the summary judgment for appellee reversed and this case remanded for trial.

Reversed and remanded.

ROBBINS and GRIFFEN, JJ., agree.