Dallas C. PONDER *v.* Bobby GORMAN

CA 05-817                                                227 S.W.3d 428

Court of Appeals of Arkansas
Opinion delivered February 8, 2006

*Ramsay, Bridgforth, Harrelson and Starling L.L.P.*, by: *William M. Bridgforth* and *J. Jarrod Russell*, for appellant.

*Kilpatrick, Williams, & Meeks L.L.P.*, by: *Gene Williams*, for appellee.

KAREN R. BAKER, Judge. Appellant Dallas Ponder challenges the Jefferson County Circuit Court's granting of summary judgment to appellee Bobby Gorman on appellant's negligent entrustment claim. Appellant urges us to reverse the grant of summary judgment that was based upon the finding that appellee did not know nor had reason to know that appellee's son, Joshua Lee Gorman, drove in an incompetent and reckless manner when operating the 1998 Nissan pickup truck appellee entrusted to his son. We find no error and affirm.

The collision from which this action arose occurred on August 8, 2003, at approximately 4:00 p.m. Appellant filed suit alleging the negligence of appellee's son, negligent entrustment by appellee, and another claim against appellee not at issue on appeal based upon a theory of *respondeat superior*. Appellant settled her negligence claim against appellee's son and dismissed that claim with prejudice. The specific allegations of negligent entrustment were that appellee's son "was an incompetent and reckless driver in that by reason of youth, inexperience and lack of skill and judgment, he was not qualified to operate the Gorman vehicle." It was further alleged that appellee knew or should have known of this incompetence.

At the time of the accident, appellee's son was eighteen years old and held a valid Arkansas driver's license. He had never received a traffic citation, had never been involved in a motor vehicle accident, and had never been arrested. He received no traffic citation for the accident with appellant. Significantly, there was no evidence that he was under the influence of alcohol or other drugs at the time of the accident with appellant.

In deposition testimony, appellee's son testified that he used marijuana but specifically denied using marijuana at any time the day of the accident with appellant. He explained that he did not use marijuana at his parents' home, where he also lived, and that he had been home the day of the accident. He also stated that it was possible that he used marijuana the next time that he was not at home or the day before the accident. He further explained that his father knew about his marijuana use for about six months before the accident and had imposed restrictions and rules on him related to use of the vehicle, including no use of the vehicle if he were using marijuana. He admitted that his father did not always know every single time he used marijuana.

Our standard of review for summary judgment cases is well-established. *Ginsburg v. Ginsburg,* 353 Ark. 816, 820-21, 120 S.W.3d 567, 569-70 (2003). Summary judgment should only be granted when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Id.* The purpose of summary judgment is not to try the issues, but to determine whether there are any issues to be tried. *Id.* We no longer refer to summary judgment as a drastic remedy and now simply regard it as one of the tools in a trial court's efficiency arsenal. *Id.* Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.* Moreover, if a moving party fails to offer proof on a controverted issue, summary judgment is not appropriate, regardless of whether the nonmoving party presents the court with any countervailing evidence. *Id.* at 821, 120 S.W.3d at 570.

Negligent entrustment is established by showing that: (1) the entrustee was incompetent, inexperienced, or reckless; (2) the entrustor knew or had reason to know of the entrustee's conditions or proclivities; (3) there was an entrustment of the chattel; (4) the entrustment created an appreciable risk of harm to the plaintiff and a relational duty on the part of the defendant; and (5) the harm to the plaintiff was proximately or legally caused by the negligence of the defendant. *Mills v. Crone,* 63 Ark. App. 45, 49, 973 S.W.2d 828, 831 (1998). In *Mills,* we quoted from Section 308 of the Restatement 2d of Torts:

> It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such a person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

*Id.*

In *Sanders v. Walden,* 214 Ark. 523, 217 S.W.2d 357 (1949), our supreme court discussed the circumstances under which an automobile owner will be found liable for negligent entrustment:

> If the person permitted to operate the car is known to be incompetent and incapable of properly running it, although not a child, the owner will be held accountable for the damage done, because his negligence in entrusting the car to an incompetent person is deemed to be the proximate cause of the damage. In such a case of mere permissive use, the liability of the owner would rest, not alone upon the fact of ownership, but upon the combined negligence of the owner in entrusting the machine to an incompetent drive, and of the driver in its operation.

*Id.* at 527-28, 217 S.W. 2d at 360.

In the case before us, appellant failed to present evidence of incompetence. The driver's incompetence and lack of capacity in operating the vehicle must be established first. Absent evidence of the driver's incompetence as a driver before the accident, there could be no basis for a trial court's finding that factual discrepancies existed regarding allegations that appellee negligently entrusted his vehicle to his son. Although appellant's argument seems to rely upon the premise that appellee was negligent in allowing his son to use appellee's vehicle because appellee knew that his son sometimes used marijuana, there is no evidence that appellee's son lacked the capacity to drive the car at the time of the accident because of marijuana use. Instead, appellant in her brief alludes to the driver's apparent lack of a work ethic relying upon appellee's deposition testimony that he would have fired his son for failure to show up for work but for the mother's support of their son's working only when he chose to work.

Appellant argues that she did not have to produce evidence that appellee's son was impaired at the time of the collision and that appellee entrusted the vehicle to his son knowing of his impairment. She asserts that Arkansas law does not require the entrustor to know that the entrustee will be operating in an incompetent or reckless manner at the specific moment that harm is inflicted on the plaintiff, but rather requires the entrustor to know of the entrustee's proclivities. Appellant argues that appellee knew that his son was not reliable and suffered from a general negligent trait. However, we cannot deem his son's failure to maintain a regular work schedule as evidence that appellee's son was in the habit of

driving under the influence of marijuana. Nor can we find that appellee's knowledge of his son's use of marijuana was evidence that his son habitually operated a vehicle under the influence of the substance.

██ Given the fact that appellee's son had never been involved in any motor vehicle accident nor received any traffic citations prior to the accident with appellant, nor did he receive a citation for the accident with appellant, and that there was no evidence that he was under the influence of alcohol or other drugs at the time of the accident with appellant, we cannot find that the trial court erred in granting summary judgment for appellee. Accordingly, we affirm.

GRIFFEN and VAUGHT, JJ., agree.